## SUGARMAN *v.* MANHATTAN EL. R. Co.

*(Common Pleas of New York City and County, General Term.* December 7, 1891.)

1. ELEVATED RAILROADS—FIRES—NEGLIGENCE—EVIDENCE.

    A coal of fire fell from the engine of an elevated railway company, and set fire to plaintiff's awning. There was evidence that the company's engines were kept equipped with the best appliances to prevent the escape of fire, but there was no evidence as to the actual condition of the engine in question; and it was shown that so large a coal could not have escaped had the engine been in proper condition, and that there were openings in its ash-pan, from which coals might have fallen. *Held,* that the evidence sustained a finding that the fire was due to the company's negligence.

2. SAME—CONTRIBUTORY NEGLIGENCE.

    The fact that plaintiff, when she saw the fire, became frightened and ran away, without attempting to extinguish it, will not render her guilty of contributory negligence, where it is not shown that she could have prevented the fire.

Appeal from district court. Affirmed.

Action by Annie Sugarman against the Manhattan Elevated Railroad Company for the burning of plaintiff's awning, which was set on fire by a spark or coal from the engine of defendant's passing train. There was judgment for plaintiff, and defendant appeals.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*Byron Traver,* for appellant. *Charles Caldwell,* for respondent.

PRYOR, J. It is requisite to the tortious character of an act that it be either voluntary or negligent. Here the act was involuntary and unintentional; and the question, therefore, is whether it was the effect of negligence. Upon plaintiff's proof it appeared that the awning was burnt by a spark or coal of fire emitted from the defendant's engine; that the spark or coal was large,— "almost as large as a walnut." This evidence was sufficient *prima facie* proof of defendant's negligence. *McNaier* v. *Railroad Co.,* 46 Hun, 502; *Field* v. *Railroad Co.,* 32 N. Y. 339; *Ruppel* v. *Railroad Co.,* 13 Daly, 11; *McCaig* v. *Railroad Co.,* 8 Hun, 599; *Seybolt* v. *Railroad Co.,* 95 N. Y. 562; *Piggot* v. *Railroad Co.,* 3 C. B. 229; *Scott* v. *Docks Co.,* 3 Hurl & C. 596; *Mullen* v. *St. John,* 57 N. Y. 567. Assuming this to be so, the appellant contends that the presumption of negligence was overcome by contrary proof, namely, that the apparatus of the engine for preventing the escape of fire was of the most approved pattern; that orders were issued for its frequent examination and prompt reparation; and that the instructions were habitually carried out. But no evidence was given as to the actual condition of the particular engine whence issued the spark. It further appeared that defendant's engines frequently emitted large sparks; that it was impossible for so large a coal as the plaintiff described to have escaped from the engine had it been in proper condition; and that the ash-pans had openings on the side, through which coals might have fallen. Clearly, a case of conflicting inferences was presented to the learned justice; and we cannot say that, in finding the negligence of the defendant to have been the cause of the injury, he so erred in his conclusion as to warrant a reversal of the judgment. *McNaier* v. *Railroad Co.,* 46 Hun, 502; *Seybolt* v. *Railroad Co.,* 95 N. Y. 562, 567. But, assuming its negligence to have been the cause of the injury, defendant contends that it is relieved of liability by the contributory negligence of the plaintiff, who testifies that when she saw the coal fall on the awning she became frightened and ran away, without attempting to arrest or extinguish the fire. Conceding, for argument, that the principle of *Hamilton* v. *McPherson,* 28 N. Y. 72, is applicable to the case, still it is not apparent that

the plaintiff could have prevented the fire, but the contrary, rather, by the question she retorted upon defendant's counsel. Moreover, it is the settled law of this state that negligence is not predicable of an instinctive effort to escape impending peril. At all events, the question of contributory negligence was for the trial justice to solve, and we cannot say that he decided it wrongly. *Fero* v. *Railroad Co.*, 22 N. Y. 209. So the judgment is affirmed, with costs. All concur.