R. F. McConnell et al., Appellants, vs. Mary Louise Sullivan, Appellee.

1. A presumption against the correctness of the judgment should not be indulged, in the absence of existing record evidence that may overcome such presumption.

2. The certificate of the clerk to a transcript of the record that it contains all the proceedings material to the appeal, when it is. apparent that there were other proceedings, can not control,. as the record alone must speak.

3. In the absence of the issues upon which a case was tried, and any showing as to what the testimony tended to develop thereunder, the appellate court can not know that appellant was. harmed by the rendition of a judgment against him.

Appeal from the Circuit Court for Escambia county.

The facts in the case are stated in the opinion of the court.

*Jno. C. Avery*, for Appellants.

*Blount & Blount*, for Appellee.

MABRY, C. J.:

Suit was instituted by appellee against appellants, for use and occupation of the apartments and adjustments of an opera house situated in Pensacola. The record entry as to the pleas of defendants to the declaration commences as follows: "And now come the said defendants, and for additional pleas say," and then follows one plea numbered two (2). A demurrer was sustained to this plea. Subsequently a plea of set-off was filed, but it was ruled out on demurrer, and the record recites that the case was then submitted to a jury to try the issues joined between the parties, and thereupon a verdict was returned for plaintiff, upon which there was a judgment entry. Defendants entered an appeal before the Revised Statutes went into effect. There was no motion for a new trial with a bill of exceptions, and the only error assigned is in the ruling sustaining the demurrer to the second additional plea. What were the pleas upon which the issues were made, and on which the case was submitted to the jury, we do not know, as the record discloses none of them; but it is apparent that there were such pleas.

The record was made before the new rules governing the making up of transcripts were adopted, and the clerk's certificate does not show that all of the proceedings in the case were certified to us. It states that the pages of the transcript contain all the proceedings

37

material to the appeal, but we are not to be governed by the clerk's certificate as to what is material.

From an examination of the second additional plea and the authorities cited by counsel, it is not apparent that there was any error in overruling it; but conceding that there was, we do not think the judgment should be reversed on this record. A presumption against the correctness of the judgment should not be indulged, in the absence of existing record evidence that may overcome such presumption. In the absence of the issues upon which the case was tried, and any showing as to what the testimony tended to develop thereunder, we can not know that appellants were harmed in the rendition of the judgment against them, and should not presume that they were, in the absence of record evidence not before us. It may be that they had the benefit of all legitimate defenses of which they could have availed themselves on the facts of the case under the issues made, and if so, there would be no reversible error on the record. Parkhurst vs. Stone, 36 Fla. 456, 18 South. Rep. 594.

We affirm the judgment on the record without reference to the ruling on the second additional plea, which alone is presented on the record for our consideration. Ordered accordingly.