E. E. Goodno, *Plaintiff in Error,* v. South Florida Farms Company, *Defendant in Error.*

Division B.

Opinion Filed January 27, 1928.

*Treadwell & Treadwell* and *W. C. Hodges,* for Plaintiff in Error;

*Leitner & Leitner,* for Defendant in Error.

Jones, Circuit Judge:

This is the second time this case has been here upon writ of error. It is an action in ejectment wherein the land involved was granted to the State by the United States by the Act of Congress known as the Swamp Land Act, Approved September 28, 1850.

On the first trial each party attempted to deraign title from the United States. In construing the deeds under which the respective parties claimed title, the judgment in

favor of the defendant was reversed in the case of South Florida Farms Company v. E. E. Goodno, 84 Fla. 532, 94 So. 672.

The land sought to be recovered is described in the declaration as follows: All of Section 28, To. 42 S. R. 30 E. except a surveyed portion thereof containing 27.50 acres in the northeast corner thereof according to Government plat, and all of Section 30 in Tp. 42 S., R. 30 E. except Government lots 1-2-3 and S½ of SE¼ thereof as shown by Government plat in DeSoto County, Florida, containing about 950 acres to which plaintiff claims title and which is alleged to be in possession of the defendant.

Upon the issue made by defendant's plea of not guilty the case was tried a second time, resulting in a verdict in favor of defendant as follows: ''We, the jury, find in favor of defendant, E. E. Goodno.'' The plaintiff moved the court to set aside the verdict and grant a new trial upon the ground that: 1, the verdict is contrary to law; 2, is contrary to the evidence; 3, is not supported by the evidence; 4, is contrary to law and evidence; 5, because the court erred in refusing to direct verdict for plaintiff; 6, because court erred in excluding testimony of witness D. L. Lence; 7, court erred in giving special charge requested by defendant; 8, because court erred in admitting evidence relative to the pasture fence.

To an order granting a new trial defendant took writ of error and assigns twelve errors. The first assignment is that the court erred in sustaining and granting plaintiff's motion for a new trial. The other eleven assignments question the ruling of the court admitting certain documentary evidence offered by the plaintiff to prove title and excluding a chain of deeds offered by defendant to prove his title, and also to the charge of the court. Only the first assignment, in connection with the grounds of the motion

for a new trial, can be considered. It has been repeatedly held by this Court where a writ of error is taken under the statute to an order granting a new trial in a civil action at law the only questions to be considered are those involved in the order granting the new trial. Ruff v. Georgia S. & F. Ry. Co., 64 Fla. 782. It is not stated in the order granting a new trial upon what ground or grounds of the motion the ruling was based, but when the trial court grants a new trial upon a motion containing several grounds without specifying in the order the ground or grounds upon which the ruling was based, the order will be affirmed if any ground of the motion is sufficient to authorize the making of the order. Ruff v. Ga. S. & F. Ry. Co., 64 So. 782. It will be necessary therefore to consider the testimony with reference to several grounds of the motion.

To prove title to the land in controversy, the plaintiff introduced in evidence a deed from the Trustees of the Internal Improvement Fund conveying the land to John W. Henderson and others as heirs of Jno. A. Henderson, deceased, and a deed from Jno. W. Henderson and other grantees in the former deed to South Florida Farms Company, the plaintiff. Plaintiff also introduced in evidence the certificate of Commissioner of Agriculture, which is authorized by Section 2724, Revised General Statutes of Florida, respecting the ownership, conveyance of and other facts in connection with public lands. The introduction by plaintiff of the documentary evidence as stated without proof of possession of the land by the plaintiff or its predecessors or without tracing the title to the original source was, in the circumstances of this case sufficient proof of *prima facie* title in the plaintiff to require the defendant to exhibit a superior title if he could. Groover v. Coffee, 19 Fla. 61. Bell v. Kendrick, 25 Fla. 778, 6 So. Rptr. 868.

Morgan v. Dunwoody, 66 Fla. 522, 63 So. Rp. 905. Hall v. Fla. State Drainage Land Co., 89 Fla. 312.

For the purpose of deraigning his title from the United States, defendant offered in evidence a chain of deeds, all of which were excluded on the ground that the land described in the deeds is not the land in controversy. For a further discussion on this point, which is not involved in this hearing, see South Fla. Farms Co. v. Goodno, 84 Fla. 532. The defendant, to prove title by adverse possession, testified in substance that in 1906 he acquired possession of a tract of land embracing about ten thousand acres, which was then enclosed by an old wire fence and used as a pasture for cattle; that he purchased a large portion of the land and obtained permission of the owners of the remainder of the land to use the same for a pasture; that he immediately reconstructed the fence by placing a substantial four-strand barbed wire new fence around the entire tract; that there was only one entrance to the enclosure, which was through a gate which was kept locked and that he and his tenants had the exclusive possession, use and control of all the lands within the enclosure for the purpose of a pasture for a period of seventeen years or more. The land in controversy is traversed by the Caloosahatchee River and is situated within the enclosure. Defendant testified that he acquired by purchase in 1906 all that portion of Sections 28 and 30 involved in this suit south of the river and that he immediately enclosed with a substantial fence three sides of that portion of Section 30 purchased by him, the river forming the north barrier; that he cultivated a portion of the land part of the time, used it as a pasture, and at great expense ditched and drained it; that he also excavated several large ditches on Section 28 for drainage purposes; that he held the exclusive possession, use and control of the land, claiming it as his own for a period of more than

seven years before the institution of this suit. In reply to a question propounded to defendant on cross-examination if he intended to go on land of other people that did not belong to him and just take it, he replied that of course he did not, he intended to claim the land for which he had a deed. It is apparent that when defendant took possession of Sections 28 and 30 south of the river in 1906, claiming title to the land, he was acting under a mistaken belief that he had a good and valid deed to such land.

Title to land in which claimant has no rights and no interest may be acquired by adverse possession where claimant takes possession under a mistaken belief that he had acquired a valid title by purchase and holds the land adversely with intention to claim title and continues to claim title to same for a period of seven years, even though the deed under which he took possession does not describe the land held by him. 2 C. J. 141, Sec. 245; Watrous v. Morrison, 33 Fla. 261, 14 S. 805; Liddon v. Hodnett, 22 Fla. 442; Seymour v. Creswell, 18 Fla. 29.

And where the claimant takes possession of land by mistake and holds the same adversely, claiming title to the land for a period of seven years, the law is not concerned with the question as to what might have been his intention if he had known he had no title to the land before his possession ripened into title, but the question involved is what was his intention during the period of his holding. The true question is whether, *when he acquired possession,* he believed it to be his own and intended to and did hold it as his own and against all persons. The intention is the test and not the mistake. Liddon v. Hodnett, 22 Fla. 442.

In an action of ejectment the plea of not guilty puts in issue the legal title and admits possession by defendant of all the land sued for. Revised General Statutes of Florida,

Section 3236. Walters v. Sheffield, 75 Fla. 505, 78 Rptr. 539.

Where defendant wishes to deny possession of land sued for, it should be done by special plea. Revised General Statutes of Florida, Section 3236.

During the progress of the cross-examination of defendant, counsel for defendant announced that defendant claimed no title or interest in that portion of Sections 28 and 30 north of the river. There was no plea denying possession of or disclaiming interest in the land sued for north of the river, so as to reduce the issue made by the plea of not guilty to the land south of the river. Burt v. F. S. Ry. Co., 43 Fla. 339.

A verdict is the determination of a jury upon the testimony submitted to them and should be construed with reference to the issue made by the pleadings. Burt v. F. S. Ry. Co., *supra*.

The effect of the general verdict in favor of defendant, construed with reference to the issue, if permitted to stand, would be to bar a recovery by the plaintiff of the land sued for north of the river, the title to which was put in issue by the plea of not guilty, even though the defendant offered no evidence of title whatever after the plaintiff had shown a *prima facie* title to the land. A verdict which does not determine the issue in accordance with the undisputed contention of either party is erroneous and should, upon proper application, be set aside. No opinion is expressed as to the sufficiency of the evidence to establish title by adverse possession to any of the lands in controversy.

The order granting a new trial is affirmed.

WHITFIELD AND BROWN, J. J., AND LOVE, CIRCUIT JUDGE, concur.

ELLIS, C. J., AND TERRELL, J., disqualified.