SUSAN M. HODGES, a widow, v. G. G. LAMAR

161 So. 81.

Opinion Filed December 19, 1934.

On Rehearing April 17, 1935.

Further Rehearing Denied May 16, 1935.

*Charles A. Powers* and *Charles A. Powers, Jr.,* for Petitioner.

*Rogers, Hazard & Thames,* for Respondent.

WHITFIELD, P. J.—A declaration filed in the Civil Court of Record for Duval County contained, after other counts had been withdrawn, the following count:

"SUSAN M. HODGES, a widow, by her the undersigned attorney, sues G. G. Lamar, otherwise known as George Glen Lamar, for that

"1.

"The defendant on the 21st day of June, A. D. 1929, by his two promissory notes, which were also signed by his wife, Anna Belle C. Lamar, promised to pay to the plaintiff the sum of $3,300.00, one note being in the sum of $500.00, and the other note being in the sum of $2,800.00; that defendant promised to pay to the plaintiff the $500.00 note two years after date and the $2,800.00 note three years

after date; that defendant promised to pay interest on the principal of each and both of these notes at the rate of eight per cent per annum, payable quarterly, from date until paid; that defendant promised to pay both principal and interest of each of these notes at the office of Charles A. Powers at Jacksonville, Florida; that the principal and interest on either or both of these notes has not been paid, excepting only that there was paid to the plaintiff on the 3rd day of April, A. D. 1933, the interest on both of said notes to said date, in the sum of $338.80, and there was likewise paid on the said date, to-wit, April 3, 1933, the sum of $1712.40 on the principal of both of said notes; that there still remains a balance of $1587.60 as principal overdue and unpaid, together with interest thereon at the rate of eight per cent per annum from the said 3rd day of April, A. D. 1933; and plaintiff avers that no part, either of the principal or interest upon said remainder of said note, has been paid, and plaintiff claims $2,900.00 damages. Copy of notes are attached as bill of particulars."

To such count there was filed the following:

### "Amended Plea

"Comes now the defendant, by his undersigned attorneys, and for defense on equitable grounds to the first count of the declaration filed herein, says:

"That the note herein sued upon was secured by a mortgage on real estate in Duval County, Florida, which said mortgage is recorded in Mortgage Book 467, at page 375 of the current public records of said county; that after default in payment of said note the plaintiff subsequently instituted suit in the Circuit Court of Duval County, Florida, for the foreclosure of said mortgage, to which said foreclosure suit this defendant was made a party defendant; that on to-wit: February 16, A. D. 1933, final decree in said

foreclosure suit was rendered; that in and by said final decree the total amount found due the plaintiff by reason of said note and mortgage was the sum of Four Thousand Two Hundred Eighty-Seven Dollars and Thirty-Seven Cents ($4,287.37); that said final decree provided, among other things, that if said sum was not paid forthwith, the property incumbered by said mortgage should be sold to the highest and best bidder for cash, but the plaintiff was permitted to become the purchaser of the said property without the necessity of paying cash except to the extent of the costs of said foreclosure suit and attorney's fees; that the said sums found to be due were not paid and said property was put up for sale and plaintiff bid in said property for the sum of Twenty-Seven Hundred ($2700.00) Dollars; that there were no other bidders at said sale and the same sum of Twenty-Seven Hundred Dollars was an arbitrary bid and did not represent the fair and equitable value of said property at the time of said sale; that the fair and equitable value of said property at the time of said sale was in excess of the sum of Four Thousand Two Hundred Eighty-Seven Dollars and Thirty-Seven Cents ($4,287.37), the sum found to be due plaintiff in said final decree of foreclosure, and was, at the time of said sale, of the value of Forty-Five Hundred ($4500.00) Dollars; that if said plaintiff is permitted to have said property of the value of Forty-Five Hundred Dollars and also procure judgment for an alleged deficiency based upon the difference between the arbitrary amount bid by plaintiff and the said indebtedness, the plaintiff will be unduly enriched and in equity and good conscience should not be permitted to obtain judgment against defendant for any sum whatsoever."

The Court struck the plea on motion; and the defendant declining to further plead, judgment for the plaintiff was

rendered. On appeal to the Circuit Court a judgment of reversal was rendered, as follows:

"This cause coming on upon appeal from the Civil Court of Record of Duval County, Florida, and the same having been argued by counsel for the respective parties and submitted, the Court having examined the record and finding that there are reversible errors in the record well assigned in that the Judge of the Civil Court of Record erroneously granted the motion of the plaintiff in the Court below to strike from the record the amended plea of the defendant in the Court below to the first count of said plaintiff's declaration, struck said amended plea, and entered final judgment in favor of the said plaintiff and against the said defendant, and that because of said errors the rulings and judgment of the said Civil Court of Record should be vacated and set aside and this cause remanded for appropriate action of said trial court not inconsistent with the judgment and the opinion of this Court herein, it is thereupon considered, ordered, and adjudged by the Court that the judgment of said Civil Court of Record of Duval County, Florida, be vacated; that its rulings granting the motion of the plaintiff in the Court below to strike, and striking the amended plea of the defendant to the first count of said plaintiff's declaration; be vacated; that the judge of said Court set aside its final judgment, overrule said motion and reinstate said plea, and proceed further in said cause in a manner consistent with this judgment and the opinion of the Court herein."

A writ of certiorari was issued by this Court to the judgment of the Circuit Court. Midland Motor Car Co. v. Willys-Overland Inc., 101 Fla. 837, 132 So. 692. If the amended plea wholly fails to state a permissible defense it

is immaterial whether it be eliminated upon motion to strike or upon demurrer, both being filed.

Even if the broad terms of Section 4301 (2635) C. G. L., allowing equitable pleas in all courts of this State accords with the Constitution, and an equitable plea may be entertained by a Civil Court of Record which has no equity jurisdiction, the plea here considered does not state a defense. The statute creating the court known as the Civil Court of Record of Duval County and defining its jurisdiction, enacts that such court "shall not have jurisdiction of cases in equity," Section 1, Chapter 8521; and the Constitution provides that "the Circuit Courts shall have exclusive original jurisdiction in all cases in equity." Section 11, Article V. The Constitution does not create or define the jurisdiction of any Civil Court of Record. Such courts may be established by statute under amended Section 1, Article V of the Constitution. The jurisdiction of such courts must conform to the limitation of the statute creating the courts as well as to the Constitution, which latter provides that the Circuit Court shall have exclusive original jurisdiction in all cases in equity. The statute establishing the Civil Court of Record for Duval County expressly provides that it "shall not have jurisdiction of cases in equity." The question of the jurisdiction of the Civil Court of Record to entertain the equitable plea is not presented or argued in this case, but it might be important in further proceedings in this cause.

The amended equitable plea avers in substance that the note sued on was secured by mortgage; that after default the mortgage was foreclosed and the mortgaged property sold to the mortgagee at the foreclosure sale for less than the amount of the debt, the amount of the bid being credited on the debt after paying costs charging: "that there were no other bidders at said sale and the said sum of

Twenty-seven Hundred Dollars was an arbitrary bid and did not represent the fair and equitable value of said property at the time of said sale; that the fair and equitable value of said property at the time of said sale was in excess of the sum of Four Thousand Two Hundred Eighty-Seven Dollars and Thirty-Seven Cents ($4,287.37), the sum found to be due plaintiff in said final decree of foreclosure, and was, at the time of said sale, of the value of Forty-Five Hundred ($4500.00) Dolars; that if said plaintiff is permitted to have said property of the value of Forty-Five Hundred Dollars and also procure judgment for an alleged deficiency based upon the difference between the arbitrary amount bid by plaintiff and the said indebtedness, the plaintiff will be unduly enriched and in equity and good conscience should not be permitted to obtain judgment against defendant for any sum whatsoever."

If there be any equitable defense in the plea it is in the portion thereof which is last above quoted; but there is none. The averments in effect are that the mortgagee was the only bidder at the foreclosure sale; that the mortgagee's bid "was an arbitrary bid and did not represent the fair and equitable value" of the property at the time of the sale; that the "fair and equitable value" of the property at the time of the sale was $4500.00 which was in excess of the amount of the debt; that to permit the mortgagee to have the property, and also judgment for an alleged deficiency, based upon the difference between the "arbitrary amount bid" and the debt, the mortgagee would be "unduly enriched." Such averments do not show the existence of an overwhelming emergency or of unusual, oppressive or prejudicial general or controlling conditions, or unlawful conduct of the mortgagee in enforcing the mortgage con-

tract rights, or any conditions or circumstances out of which an equity might possibly or conceivably arise.

The judgment of the Circuit Court reversing the judgment of the Civil Court of Record with directions to reinstate the amended equitable plea is quashed.

DAVIS, C. J., and ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.

DAVIS, C. J. (concurring).—I concur in the opinion and in the judgment reserving, however, my opinion as to the propriety of equitable pleas in a Civil Court of Record. I am inclined to the view that it is not essential that a court be empowered to exercise equity jurisdiction to enable it to try an equitable plea that is *by statute* made a legal plea in bar, although measured by equitable principles as to its sufficiency.

## ON PETITION FOR REHEARING.

TERRELL, J.—This cause was litigated below on the identical question considered and decided this date in Penn Mutual Life Insurance Company v. Louis Moscovitz. It was originally initiated in the Civil Court of Record of Duval County. A plea on equitable grounds was tendered to the declaration and was stricken on motion. On appeal to the Circuit Court, the judgment of the Civil Court of Record was reversed. The judgment of the Circuit Court was brought here for review on certiorari. On the main consideration we quashed the judgment of the Circuit Court because of the insufficiency of the plea on equitable grounds.

On rehearing we are urged to review and to overrule our former holding and to determine whether or not a plea on equitable grounds may be entertained and adjudicated by Civil Courts of Record in this State.

On the first question it is sufficient to say that we have reviewed our former holding and our conclusion is that

the views as therein expressed must be and are hereby re-affirmed.  Penn Mutual Life Insurance Co. v. Louis Moscovitz, decided this date, embodies a fuller discussion of our views on this point.

On the second question we premise our statement with a statement of the statutory authorization that equitable pleadings in common law actions are authorized by Section 2635, Revised General Statutes of 1920, Section 4301, Compiled General Laws of 1927, the pertinent part of which is as follows:

"The defendant in any cause in any of the courts of this state in which, if judgment were obtained, he would be entitled to relief against such judgment on equitable grounds, may plead by plea or subsequent pleading the facts which entitle him to such relief by way of defense."

Civil Courts of Record are created under Section 5156, Compiled General Laws of 1927, their jurisdiction is limited to amounts not exceeding five thousand dollars, they are common law courts, and have no equity jurisdiction, neither have they jurisdiction in tax matters, ejectment causes, actions involving the title or boundaries to real estate, nor those relating to forcible entry or unlawful detention.

The statute, Section 2635, Revised General Statutes of 1920, *supra,* authorizes "any of the courts of this State" to entertain pleas on equitable grounds.  True, this statute came into existence long before the one creating Civil Courts of Record but we think it must be ambulatory, otherwise it results in a confused practice, in that in counties where Civil Courts of Record are created, litigants would be precluded from availing themselves of any defense they may have on equitable grounds in causes where the amount in litigation was less than five thousand dollars unless it was

within the jurisdiction of some other court in which the cause was cognizable. In counties having Civil Courts of Record they supersede all others in civil matters in the field of their jurisdiction.

A plea on equitable grounds under the statute authorizing them amounts to nothing more in effect than a plea in bar to a common law declaration. Under Section 2657, Revised General Statutes of 1920, Section 4303, Compiled General Laws of 1927, the court before whom they are filed is authorized to strike them on such terms as he deems reasonable if they cannot be properly dealt with by a court of law.

It is not essential that common law courts be authorized to exercise Chancery jurisdiction, to enable them to judge of the sufficiency of and try a plea on equitable grounds when offered as a defense in a common law action. Offering the plea does not shift the cause to the chancery side of the docket. The judge merely adjudicates its status and if found sufficient for the purpose presented, the cause proceeds at common law. If the contents of the plea are such that it cannot be so treated it becomes the duty of the judge to strike it under such conditions as he may deem appropriate.

From this it follows that a plea on equitable grounds may be offered as a defense in common law actions in the Civil Courts of Record in this State.

Our former opinion herein is reaffirmed on rehearing.

Affirmed on rehearing.

Ellis, P. J., and Buford, J., concur.

Whitfield, C. J., and Brown and Davis, J. J., concur in the opinion and judgment.