GULF COAST TITLE COMPANY v. W. B. WALTERS.

168 So. 537.
Division B.
Opinion Filed April 11, 1936.
Rehearing Denied June 11, 1936.

*Alderman & Alderman* and *Sheppard & Clements,* for Plaintiff in Error;

*Charles Wilson Ward* and *David Elmer Ward,* for Defendant in Error.

BUFORD, J.—The writ of error brings for review an order granting a new trial on motion timely presented.

The motion contained three grounds, as follows:

"1.   Judgment is contrary to law.

"2.   Judgment is contrary to evidence.

"3.   Judgment is contrary to the law and evidence, and for other good and sufficient reasons."

The order on the motion was as follows:

"After argument of counsel for respective parties, the motion is granted, on the first ground of the motion in that petitioner's motion for nonsuit should have been granted. Defendant by counsel excepts."

This Court will not judge the correctness of the judgment by the reasons therefor expressed by the trial court, but will affirm the judgment unless it be made clearly to appear that an erroneous result was reached.   Scott v. National City

Bank, 107 Fla. 818, 146 Sou. 573. Hoopes, etc., v. Crane, 56 Fla. 395, 47 Sou. 992; Dunnellon Phosphate Co. v. Crystal River Lbr. Co., 63 Fla. 131, 58 So. 786; Goodno v. South Fla. Farms Co., 95 Fla. 90, 116 Sou. 23.

The appellate court must, in the absence of record evidence to the contrary, presume that the order or judgment challenged by appeal or writ of error is the order or judgment which should have been entered. McConnell v. Sullivan, 37 Fla. 576, 20 Sou. 762; O'steen v. State, 92 Fla. 1062, 111 Sou. 725; White v. Crandall, 105 Fla. 70, 143 Sou. 871.

The plaintiff in error contends that the order granting a new trial should be reversed because the record shows that the trial judge apprehended that he had committed error in not granting the plaintiff a nonsuit on motion made *ore tenus* after the court, trying the case without a jury, after the close of plaintiff's case, had announced that judgment would be entered in favor of defendant.

The failure to grant motion for nonsuit under the existing circumstances was without error. J. Schnarr & Co., *et al.,* v. Virginia-Carolina Chemical Corporation, 118 Fla. 258, 159 Sou. 39.

The motion for new trial, however, did not specify the ruling of the court in this regard as a ground for new trial. The plaintiff in error here was defendant in the court below and the judgment which was set aside in granting motion for new trial was in favor of defendant. The motion for new trial was made by plaintiff and when defendant took writ of error the burden was on it to show reversible error.

The plaintiff in error failed to bring here in the transcript a bill of exceptions exhibiting the evidence adduced in the lower court upon which the court entered judgment

in favor of the defendant and, therefore, we cannot determine whether or not the verdict and judgment entered by the court was supported by the law and the evidence. The motion for new trial alleged that the verdict (the findings of the court in the absence of a jury which had been waived) and the judgment were contrary to the law and to the evidence. The Court granted the motion. We must assume, in the absence of record showing to the contrary, that the new trial was warranted by the state of the record then before the trial court and affirm the order.

So ordered.

Affirmed.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.