FRED WILLIAM HEUACKER v. H. FARRELLY and R. T. COMBER.

184 So. 649.
Division B.
Opinion Filed November 15, 1938.
Rehearing Denied December 12, 1938.

*Hendricks & Hendricks,* for Plaintiff in Error;

*McKay, Dixon & DeJarnette,* for Defendant in Error.

CHAPMAN, J.—This case is here on writ of error to an order granting a new trial as provided for by Section 4615, C. G. L. The order upon which the writ is predicated recites: "It is the opinion of the Court that the evidence in said cause is insufficient to support liability against the defendant R. T. Comber." This Court has held that where the trial court grants a new trial upon the ground that the evidence is insufficient to support the verdict, and incorporates in such order his reasons for such ruling, it is with

the ruling itself that an appellate court is called upon to deal and not with the reasons given therefor. See Dunnellon Phosphate Co. v. Crystal River Lbr. Co., 63 Fla. 131, 58 So. 786, where this Court said:

" * * * We shall not set forth or comment upon the views and reasons of the trial judge. As we have several times held, we do not have to pass upon the reasoning at all, as it is with the ruling itself, and not with the reasons therefor that we have to deal. If the ruling is correct, it will not be disturbed because the court may have given a wrong or insufficient reason for its rendition. See Smith v. Croom, 7 Fla. 180; McLeod v. Dell, 9 Fla. 427, text 439; Colcord v. Conroy, 40 Fla. 97, text 108, 23 South. Rep. 561, text 565; Reynolds v. Smith, 49 Fla. 217, text 225, 38 South. Rep. 903, text 906; Hoopes v. Crane, 56 Fla. 395, 992, text 996; Murrell v. Peterson, 57 Fla. 480, 49 South. Rep. text 408, 47 South Rep. 31; Hartford Fire Insurance Co. v. Hollis, 58 Fla. 268, 50 South. Rep. 985; Bell v. Niles, 61 Fla. 114, 55 South. Rep. 392." See also Smith v. McEwen, 119 Fla. 568, 161 So. 68; Gulf Coast Title Co. v. Walters, 124 Fla. 134, 168 So. 537.

The pleadings in this case make material the following issues: (a) did Thomas Comber own the car which struck the plaintiff; (b) was the defendant Farrelly the agent of Thomas Comber; (c) was the car operated by Farrelly with the knowledge, acquiescence and consent of Thomas Comber; (d) did Thomas Comber intrust the car to the defendant Farrelly; (e) the negligent operation of the car which injured the plaintiff.

We have carefully examined all the testimony adduced by the respective parties bearing on all the issues submitted to the jury in the lower court and hold that the evidence is legally insufficient to sustain a judgment for the plaintiff and the trial court was not justified in granting a new trial.

The order granting a new trial is reversed at the cost of the defendant in error, R. T. Comber, and the cause is remanded with directions to the Circuit Court to enter a final judgment for the plaintiff in error upon the findings of this Court, unless a motion in arrest of judgment, or for judgment *non obstante veredicto*, shall be made and prevail. See Philadelphia Underwriters' Ins. Co. v. Bigelow, 48 Fla. 105, 37 So. 210.

It is so ordered.

TERRELL, C. J., and WHITFIELD and BUFORD, J. J., concur.

BROWN, J., dissents.

THOMAS, J. not participating.

BROWN, J. (dissenting)—This court is thoroughly committed to the rule that the power of a trial judge to grant a new trial is a discretionary power, the exercise of which will not be disturbed by the appellate court unless there is an abuse of that discretion. In my opinion there was no abuse of discretion shown in this case.