NEAL THOMAS, *et ux.*, v. BETSIE VICKERS.

196 So. 602
Division B
Opinion Filed May 21, 1940
Rehearing Denied June 19, 1940

*W. D. Bell,* for Appellants;

*Leitner & Leitner* and *Sumter Leitner,* for Appellee.

CHAPMAN, J.—On August 2, 1939, plaintiff below filed her bill of complaint in the Circuit Court of DeSoto County, Florida, alleging that she was 74 years of age, a darky, a widow, uneducated and had been a resident of DeSoto County for 20 years and was the owner of real estate situated in DeSoto County upon which she made her home and that she had been in possession of the property for a period of more than 20 years prior to March 9, 1935, when she executed a deed to defendant below, Neal Thomas, to her home for and in consideration that the said Neal Thomas would care for her the balance of her natural life and would provide food, clothing,. medicine, and physician's services, and upon her death the land described in the deed would be the property of Neal Thomas. The deed was drawn by the County Judge of DeSoto County and in part provided: "The party of the first part, for and in consideration, of the

sum of One Dollar and other good and valuable considera-
tion, to-wit: that party of the first part care for and main-
tain party of the second part for her natural life, * * *."

It is further alleged that for some time after executing the
deed the defendant below provided plaintiff with the necessi-
ties of life, and defendant moved his family into the house
of the plaintiff below and rooms were assigned to members
of each family, when the plaintiff went away on a visit.
Upon her return she found the doors to the home locked, a
rearrangement of the bedrooms and no provisions were made
for the support of the plaintiff below. The prayer of the
bill of complaint is for a cancellation of the deed upon the
ground that the same was executed and delivered but that
the same was without consideration and that the defendant
below be enjoined from asserting any interest in the prop-
erty, and on final hearing that the injunction be made per-
petual. Copy of the purported deed was attached to the
bill of complaint.

On the 3rd day of October, 1939, the defendant below,
Neal Thomas, and his wife, Bessie Thomas, filed their joint
and several answers to the bill of complaint, admitting
traversing or confessing the material allegations of the bill
of complaint. An order of reference was made, testimony
taken, and on final hearing the lower court found the equities
of the case with the plaintiff below and quieted the title to
the property involved as against Neal Thomas and his wife,
Bessie Thomas. From the final decree an appeal was taken,
the record perfected, and the case is here for review.

The evidence shows that the Thomases cared for the
plaintiff below for some time and then she left Arcadia and
remained away for several months and upon her return she
was assigned a side room in the house with a leaky roof and
the food supplied her was insufficient, and that while the old

woman was away from Arcadia the Thomases did not send her any money, food or clothing.

The defendants below contend that improvements were made upon the home, that the plaintiff was welcome to re-enter at any time and that she would have been cared for according to the original agreement. The defendant Thomas also contended that he had improved the property at a cost to him of approximately $250.00, but the articles going into the house in the form of repairs and labor failed to show any such sum or sums. The evidence is convincing that after the Thomases received a deed to the old woman's property and went into possession thereof, they became indifferent and careless as to the necessities of the old woman and otherwise failed to live up to the contract under which the land was conveyed by Betsie Vickers to Neal Thomas.

We have carefully examined the transcript, read the briefs filed by the respective parties and authorities cited, and have concluded that there is ample testimony in the record to support the decree appealed from.

It is well established that in equity as well as at law, every presumption is in favor of the correctness of the rulings of the trial court and it is the duty of the party resorting to an appellate court to make the errors complained of clearly to appear. See Flagler Finance Corporation v. Therrell, 118 Fla. 596, 159 So. 868; Gulf Coast Title Co. v. Walters, 124 Fla. 134, 168 So. 537.

We think the case at bar is ruled by Collins v. McKelvain, 138 Fla. 463, 189 So. 655. We fail to find error in the record. The decree appealed from is hereby affirmed.

Whitfield, P. J., and Brown, J., concur.

Buford, J., concurs in opinion and judgment.

Chief Justice Terrell and Justice Thomas not participating as authorized by Section 4687, Compiled General Laws of 1927 and Rule 21-A of the Rules of this Court.