KANNER, Judge (Ret.)
An action in ejectment involving a boundary dispute was brought by plaintiffs-appellants, Sterling J. Klein and Marie T. Klein, his wife, against defendants-appel-lees, Judson H. Nichols and Estelle Nichols, his wife. Subsequent to rendition of jury verdict for the plaintiffs, the trial court, upon motion of the defendants, entered an order vacating the verdict and granting a new trial, subject of this appeal.
The court’s order states that the verdict was thereby set aside and motion for new trial granted on the ground “that the description contained in the verdict does not conform with any of the testimony of record or any description in the pleadings.” This was pursuant to specific findings contained in the order, as follows: “1. The description in the verdict is different from that in the amendment to the amended complaint; 2. The survey referred to in the verdict was not received in evidence; 3. There is no indication in the record that the survey referred to has ever been placed of record anywhere so that it could be definitely determined what is in it; 4. The testimony of the Surveyor, Mr. Hunt, with regards to a survey does not mention the description contained in the verdict. (The only description he mentioned was the one which is in the amendment to the amended complaint.)”
Statutory prescription for a verdict in ejectment is in section 70.05(1), Florida Statutes, F.S.A., which provides that “A verdict for the plaintiff shall state the *440 quantity of the estate of the plaintiff, and describe the land by its metes and bounds, by the number of the lot or other certain description.”
By the amendment to their amended complaint, plaintiffs relied upon a certain description[1], thus made the subject matter of the ejectment action. Upon examination of the verdict, it is clear that the description which it contains[2] is, as the court found, different from that alleged in the amendment to the amended complaint. This may be noticed, not only in the words and numerals used, but also the quantity of land described. Immediately following the description, the verdict concluded by stating that the plaintiffs “are entitled to the possession thereof as established by the survey of February 8, 1964, made by Truby W. Hunt, Registered Surveyor.” Thus, the jury determined that possession should be awarded to the plaintiffs by reason of the mentioned survey; yet the record reveals that no such survey was received in evidence, and this also was one of the findings of the trial court in its order.
In Goodno v. South Florida Farms Co., 1928, 95 Fla. 90, 116 So. 23, a case in ejectment, the Supreme Court of Florida pointed out that a verdict is the determination of a jury upon testimony submitted to them and should be construed with reference to the issue made by the pleadings. It further said that a verdict which does not determine the issue in accordance with the undisputed contention of either party is erroneous and should, upon proper application, be set aside. The fundament of the court’s order is that the description contained in the verdict does not conform with any of the testimony or any description in the pleadings. From our study of the testimony and pleadings, we are in accord with this determination.
Plaintiffs have not demonstrated to this court any abuse of discretion or error by the trial court; rather, the record sustains the court’s findings and reasons for setting aside the verdict and granting new trial. Its action in so doing is affirmed.
LILES, Acting C. J., and PIERCE, J.,. concur.

. “Commence at the Northwest corner of Southwest Quarter (SW14) of Northwest Quarter (N¥%) of Section 14, Township 18 South, Range 22 East in Sumter County, Florida, run thence North 89° 58' 55" East 1129.29 feet, thence South 0°16'49" West to the South Right-of-way line of State Road No. 466 for a point of beginning, thence continue South 0°16'49" West to the Quarter-Section line, thence South 89° 58' 19" West 66.90 feet, North 0°24'08" East 751.33 feet, thence North 1° 02' West 111.14 feet, thence North 0° 16' 49" East to the South Right-of-way of State Road No. 466, thence Easterly to point of beginning.”

. “Beginning 15 feet South and 757% feet East of the Northwest Corner of the Southwest Quarter (SW14) of the Northwest Quarter (NW%) of Section. 14, Township 18 South, Range 22 East, in Sumter County, Florida, run thence-East 371% feet, thence South 1305 feet, thence West 371% feet, thence North 1305 feet to the point of beginning, LESS • AND EXCEPT the right-of-way of State-Road No. 466.”