330 So.2d 510 (1976)
B. Ben BROWN, Appellant,
v.
Ray C. PHILLIPS, Sr., et ux., Appellees.
No. 75-1099.
District Court of Appeal of Florida, Second District.
April 14, 1976.
Rehearing Denied May 13, 1976.
*511 Edward Michael Walsh, St. Petersburg, for appellant.
E. Paul Dietrich, Bennett & Dietrich, St. Petersburg, for appellees.
BOARDMAN, Judge.
Appellant/plaintiff brought suit against appellees/defendants to set aside a transfer of real property alleging in his amended complaint dependence, fiduciary relationship and undue influence. The facts are not in serious dispute and are as follows: Appellant, B. Ben Brown, a man 89 years of age, was the owner of two adjacent houses, living in one and renting the other to the appellees for $100 per month. Appellant was solely dependent upon appellees for his meals, transportation, laundry and general care. He testified that appellees made what he called a "Sacred Promise" never to sell or mortgage the property and to take care of him for the rest of his life if he would sell the house to them for $5,000, said sum to be payable as the rent had been paid, $100 per month. In March, 1973, one of appellees took appellant to their lawyer and a contract for sale of the house was prepared. Thereafter, appellees took appellant to the title company where he signed a warranty deed to appellees and they gave him a mortgage in the amount of $5,000. No monies changed hands at the closing, but from this time on the $100 payment, formerly called rent, was a monthly mortgage payment. Some 13 months later, in July, 1974, appellees placed the property on the market for sale. When appellant reminded them of their "Sacred Promise" they ceased to take care of him and stopped providing his meals, transportation and laundry. Appellees listed the house for sale at a price in excess of $30,000 and, in November, 1974, found a willing buyer for $18,900. The present litigation has delayed the completion of the pending sale.
A nonjury trial was held by the circuit judge which resulted in a final judgment for appellees. Appellant filed his timely notice of appeal.
After hearing arguments and reviewing the parties briefs and the record, we reverse. We recognize and agree with the long line of case law in this state holding that rescission and cancellation of real property transactions is a harsh remedy. Notwithstanding, to do otherwise in this case would indeed be a miscarriage of justice and would be contrary to well-established and accepted principles of equity jurisprudence.
The evidence adduced at trial is undisputed and uncontradicted that the promise of the appellees to take care of appellant for the rest of his life was the primary consideration for his agreement to execute the deed in issue. It is well recognized as a general proposition of law that the failure of a grantee to provide the agreed-to services of support during the grantor's lifetime for which, in whole or in part, a deed was given relates back to the inception of the contract and vitiates the entire transaction. See the cases of Cook v. Adams, Fla. 1956, 89 So.2d 6; Thomas v. Vickers, 1940, 143 Fla. 54, 196 So. 602; Anders v. Anders, 1940, 143 Fla. 721, 197 So. 451; and many others supporting this rationale.
In Collins v. McKelvain, 1939, 138 Fla. 463, 189 So. 655, our supreme court, in considering similar factual circumstances as presented in this case, held:
Where a deed is executed in consideration of an agreement by the grantee to support the grantor, and this agreement is made by the grantee for the fraudulent purpose of securing the deed and without intending to carry it out, and it has this effect, it constitutes a fraud vitiating the conveyance, and equity will set it aside... . [citations omitted]
Conduct of the grantee, after accepting conveyance of property, in failing to provide support and maintenance for the *512 grantor, gives rise to the presumption of an abandonment of the contract (to provide support and maintenance for the grantor) and of a fraudulent intent in entering into it and taking conveyance of the property; and relief is given upon this ground rather than upon the right to rescind for failure of grantee to carry out the terms of the contract... . [citations omitted]
We adopted the rationale of Collins, supra, in Rennolds v. Rennolds, Fla.App.2d, 1975, 312 So.2d 538, a case recently decided by this court.
We hold, therefore, that a presumption of fraud arises from the failure on the part of the appellees to perform their promise to support and care for the appellant. We do not find any evidence in the record to rebut the presumption of fraud. Appellees did not testify in the case.
In conclusion, the following quoted text from Cook, supra, appears to be pertinent:
This case is typical of many in which those of advanced years pledge their lands and belongings to others to take care of them for the balance of life and when the burden becomes onerous, the pledgee welches on the bargain. The courts of the country have almost universally adopted the rule that those so wronged may resort to equity, cancel the deed and restore the property to the rightful owner... .
Accordingly, we hold that rescission is the proper remedy and the warranty deed that appellant executed to the appellees should be set aside and vacated.
Lastly, we point out that appellees have raised the statute of frauds as a basis for affirmance. The performance on the part of appellant by execution of the deed takes this transaction out of the statute of frauds.
The judgment is reversed and the cause is remanded to the trial court for appropriate proceedings consistent with this opinion.
REVERSED and REMANDED.
McNULTY, C.J., and GRIMES, J., concur.