427 So.2d 318 (1983)
GAY BROTHERS CONSTRUCTION COMPANY, a Florida Corporation, Appellant,
v.
FLORIDA POWER & LIGHT COMPANY, a Florida Corporation, Appellee.
No. 81-1624.
District Court of Appeal of Florida, Fifth District.
February 23, 1983.
*319 Samuel S. Henderson of Bross & Trachtman, P.A., Indialantic, for appellant.
Brian R. Brattebo and James P. Murray of Steel Hector & Davis, Miami, for appellee.
ORFINGER, Chief Judge.
Contending that the defendant power company was encroaching on its land, plaintiff, appellant here, brought an action in three counts: (1) to enjoin the encroachment; (2) for ejectment and damages; and (3) for damages for continuing trespass. The trial court entered a summary judgment for the defendant. Plaintiff appeals and we affirm.
The complaint alleges, in substance, that plaintiff owns certain described lots; that defendant Florida Power and Light Company (FP&L), an electric utility company, erected and maintained power poles, transformers and lines across plaintiff's property without authority, and had refused to remove them. Surveys were attached showing the route and termini of the power lines across the described property.
FP&L answered, alleging that it had an easement across said land dated September 9, 1926, and recorded on September 30, 1926; that if the power lines were actually situated outside the recorded easement, such use had been maintained continuously since 1927 when the lines were constructed, under a claim of right, and that such use had been so open, notorious, visible and adverse as to give rise to an easement by prescription. Answering interrogatories propounded by plaintiff, FP&L asserted under oath that the poles and lines had been erected in 1927 and that although individual poles may have been replaced as needed, the center line had remained unchanged since the original construction.
In response to an interrogatory asking if FP&L ever intended to claim an easement over plaintiff's property outside of its recorded easement. FP&L replied that it "... took possession and use of the property at issue in this lawsuit intending to claim a right to use the property for the erection, operation and maintenance of an electric power line and appurtenant facilities and equipment." There being nothing further before the court to create any factual issue, summary final judgment was entered for defendant, the court finding that defendant was entitled to a prescriptive easement as a matter of law.
We are presented with a narrow issue, viz, whether the necessary elements of a prescriptive easement appear as a matter of law. Appellant contends that the necessary adversity is missing, because it appears that FP&L placed the poles outside its recorded easement by mistake, thus not intending to claim the land on which the poles were placed. Aside from the fact that plaintiff offered nothing in the way of affidavits or testimony to create such issue,[1] *320 plaintiff nevertheless does not demonstrate any error by the trial court in applying the applicable law to the facts here.
The basic elements of a prescriptive easement, similar to elements of adverse possession except for the nature of the interest claimed, were expressed in Downing v. Bird, 100 So.2d 57 (Fla. 1958), as follows:
In either prescription or adverse possession, the right is acquired only by actual, continuous, uninterrupted use by the claimant of the lands of another for a prescribed period. In addition, the use must be adverse under claim of right and must either be with the knowledge of the owner or so open, notorious and visible that the knowledge of the use by and adverse claim of the claimant is imputed to the owner. In both rights, the use or possession must be inconsistent with the owner's use and enjoyment of his lands and must not be a permissive use, for the use must be such that the owner has a right to a legal action to stop it, such as an action for trespass and ejectment. Id. at 64.
Appellant recognizes the principles expressed here, but contends that adversity is missing[2] because FP&L placed the poles outside the recorded easement by mistake, thus negating any intention to appropriate a right-of-way over plaintiff's land. Assuming that FP&L initially intended to place its power line within its easement, it is clear from the record before us that the utility intended to put the poles where they were placed and continuously maintained them where they were. Thus, there was an intention to claim the easement where the lines were placed, notwithstanding their placement by mistake.
Prescriptive rights are acquired under the same principles as are rights acquired by adverse possession. Downing v. Bird, supra. Where lands are occupied under the mistaken belief that the occupier has title, so that the occupation is under a claim of right, the holding is adverse. Liddon v. Hodnett, 22 Fla. 442 (1886).
As stated in Goodno v. South Florida Farms Co., 95 Fla. 90, 116 So. 23 (1928):
And, where the claimant takes possession of land by mistake and holds the same adversely claiming title to the land for a period of seven years, the law is not concerned with the question as to what might have been his intention if he had known he had not title to the land before his possession ripened into title, but the question involved is what was his intention during the period of his holding. The true question is whether, when he acquired possession, he believed it to be his own and intended to and did hold it as his own and against all persons. The intention is the test, and not the mistake. (emphasis original). Id. 116 So. at 25.
As did the court in Seaboard Airline Railroad Company v. California Chemical Company, 210 So.2d 757 (Fla. 4th DCA 1968), we reject appellant's contention that the occupier must have the subjective intent to appropriate property of another in order for his possession to be adverse.
Because all the necessary elements for a prescriptive easement appear here, the final judgment is
AFFIRMED.
SHARP and COWART, JJ., concur.
NOTES
[1] We recognize that the party against whom summary judgment is sought has no initial burden to make any showing, but when the party who seeks the summary judgment has made an initial showing of the absence of any genuine issue of material fact, then the party moved against has the burden of coming forward with evidence sufficient to reveal that such issue exists. It is not sufficient to merely assert that an issue does exist. Landers v. Milton, 370 So.2d 368 (Fla. 1979).
[2] See, e.g., Guerard v. Roper, 385 So.2d 718 (Fla. 5th DCA 1980).