COBB, Chief Judge.
The issue in this ejectment action is whether or not there was substantial competent evidence to support a finding of title in the defendant based upon adverse possession. This, in turn, raises the question of the nature of the occupation of the disputed property by Alfred Smiley, the defendants’ predecessor in title. The plaintiff-appellant argues, inter alia, the absence of the requisite intent of Smiley to adversely possess the land owned by the appellant.
The defendants need not have shown, however, that acquisition of land he did not own was Smiley’s intent when he constructed the fence on the disputed property in 1928, and during the time he maintained it in subsequent years. As stated in Goodno v. South Florida Farms Co., 95 Fla. 90, 116 So. 23 (1928):
[Wjhere the claimant takes possession of land by mistake and holds the same adversely claiming title to the land for a period of seven years, the law is not concerned with the question as to what might have been his intention if he had known he had no title to the land before his possession ripened into title, but the question involved is what was his intention during the period of his holding. The true question is whether, when he acquired possession, he believed it to be *1340 his own and intended to and did hold it as his own and against all persons. (Emphasis in original.)
116 So. at 25. See also Gay Brothers Const. Co. v. Florida Power & Light Co., 427 So.2d 318 (Fla. 5th DCA 1983). Smiley held the disputed land under claim of title; his fence was evidence of his intention to keep others off what he thought was his own property.
The remaining factual issues were resolved adversely to the plaintiff below, and we cannot substitute our judgment for that of the jury in regard thereto.
AFFIRMED.
SHARP and COWART, JJ., concur.