LEHAN, Judge.
This was a suit upon a promissory note and mortgage given by defendants to secure the price of their purchase from a limited partnership (not a party to this litigation) of unit 405 in a condominium project developed by the partnership. Also litigated was defendants’ counterclaim for indemnity from plaintiff against defendants’ obligation on another note and mortgage owed to Citicorp Financial Corporation (not a party to this litigation) secured by unit 608 which was in another condominium project and which defendants sold to that partnership. The note and mortgage on unit 608 was assumed by the partnership. The partnership thereafter conveyed unit 608 to plaintiff and assigned to plaintiff the note and mortgage on unit 405. The final judgment from which this appeal is taken ruled in favor of defendants on plaintiff’s suit and on defendants’ counterclaim.[1]
*489 While we recognize that this matter presented a tangled skein which the trial court undertook to unravel equitably, we conclude that we must reverse and remand.
First, the counterclaim for indemnity concerning the obligation for the note and mortgage on unit 608 must be held to have been premature. There was no evidence requisite for indemnity that defendants, as indemnitees, had “been required to pay a judgment or [make] voluntary payment” to Citicorp on the debt for which indemnity was sought. Mims Crane Service, Inc. v. Insley Mfg. Corp., 226 So.2d 836, 838 (Fla. 2d DCA), cert. denied, 234 So.2d 122 (1969). See also Jerome Nagelbush, Inc. v. Frank J. Rooney, Inc., 342 So.2d 121 (Fla. 3d DCA 1977).
Ideally, the presently premature aspect of indemnity involving the note and mortgage on unit 608 should be resolved at the same time that the aspect of defendants’ liability on the note and mortgage on unit 405 is resolved. As the trial court found and, contrary to plaintiff's contention, was entitled to find, see Tsavaris v. NCNB National Bank, 497 So.2d 1338 (Fla. 2d DCA 1986), the conveyance of unit 608 to the partnership and the partnership’s assumption of the note and mortgage thereon was in exchange for, interrelated to, and an integral part of the conveyance to defendants of unit 405 and their execution of the note and mortgage thereon.
Second, the final judgment states that defendant’s defense to the suit on the obligation for the note and mortgage on unit 405 was that there was a failure of consideration in the failure to pay the interrelated obligation for the note and mortgage on unit 608.[2] But there does not appear to be a basis in equity for relieving defendants of their obligation to pay for unit 405, as did the final judgment, when they have not shown that they have been required to pay the obligation for unit 608.[3] Nor does there appear to be a basis in equity to require, as did the final judgment, that plaintiff pay the amount of the note and mortgage on unit 608 and also lose the right to be paid on the note and mortgage on unit 405. In addition, as defendants conceded in response to this court’s inquiry, the ruling of the final judgment in favor of defendants on both plaintiff’s claim regarding the note and mortgage on unit 405 and defendants’ indemnity counterclaim regarding the note and mortgage on unit 608 represented a result which, while prayed for in defendants’ pleadings, had not been basically desired by defendants who had been paying into escrow the payments due under the note and mortgage on unit 405. Defendants’ failure of consideration defense has been essentially that , they should not be obligated on the note and mortgage on unit 405 unless and until they are indemnified for the note and mortgage obligation on unit 608.
Accordingly, we remand with the observation that particular involvement in this matter by Citicorp, the obligee of the note and mortgage on unit 608, appears to be necessary to a full and equitable disposition of this entire matter. If after remand Citi-corp becomes involved in such a way that the foregoing requisite to indemnnity for which we have cited Mims exists, defendants could then achieve a result consistent with that which we have indicated above *490 they have desired. That is, our examination of the record supports the conclusion that the trial court could then under the particular facts of this case, which include plaintiff having made some payments on the note and mortgage on unit 608, properly require, as the final judgment required, that plaintiff indemnify defendants against their liability under the note and mortgage on unit 608. See 12 Fla.Jur.2d, Contribution, Indemnity, and Subrogation § 10, pp. 20-21 (1979). Also, evidence in the record could be taken to have indicated that plaintiff was, in effect if not in fact, a general partner of the partnership to which defendants conveyed unit 608 and which assumed the note and mortgage thereon. Cf. Mutual Finance Co. v. Martin, 63 So.2d 649, 653 (Fla.1953), quoting Commercial Credit Co. v. Childs, 137 S.W.2d 260-61 (Ark.1940) (“We think appellant was so closely connected with the entire transaction ... that ... it was to all intents and purposes a party to the agreement and instrument from the beginning.”). Such indemnification, coupled with a recognition of defendants’ obligation under the note and mortgage on unit 405, would appear under all the circumstances to be the most equitable result. There would thereby be placed upon the respective owners of particular condominium units the obligation to pay for the units owned. Hopefully, to the extent that Citicorp now proceeds to require the payment of the note and mortgage on unit 608 (and is entitled to do so) and the above requisite stated in Mims is fulfilled, Citicorp’s involvement can come about through the cooperation of all concerned, e.g., through an appropriate stipulation, without the time and expense of otherwise extending and further complicating this litigation.
If upon remand Citicorp for any reason does not become promptly so involved, then under our present disposition of this, case reversing the final judgment in its entirety, the result would still, we conclude, be more equitable than that in the final judgment under which plaintiff was, in fact or effect, given responsibility for the obligations concerning both units 405 and 608 and defendants were relieved of the obligation to pay for unit 405 which they own. Under our present disposition defendants are obligated under the note and mortgage on unit 405 and may still be indemnified, in either this or a subsequently filed suit, for their obligation on unit 608 when and if they are required to pay, or do pay, that obligation so as to fulfill the requisite stated in Mims.
Accordingly, on remand judgment shall be entered (a) in favor of plaintiff in his suit on the obligation concerning unit 405 and (b) in favor of plaintiff on defendant’s counterclaim for indemnity on the obligation concerning unit 608. Provided however, (1) nothing herein shall prevent defendants after remand from showing that the requisite stated in Mims has been fulfilled; in that event, the trial court may then, instead of (b) above, again, in this or a subsequent suit, enter judgment for defendants for indemnity from plaintiff; and (2) if for any reason defendants are not fully compensated under their right to receive indemnity from plaintiff when and if that right comes into existence through fulfillment of that requisite, they would then not be foreclosed from renewing their failure of consideration defense to their obligation for the note and mortgage on unit 405. Accordingly, the judgments referred to in (a) and (b) above are to be conditional under the terms of (1) and (2) above. Provided further, however, defendants shall have the opportunity, before entry of judgment under (a) described above, to avoid such entry of judgment by reinstating and bringing current the note and mortgage on unit 405 within a reasonable time to be fixed by the trial court on remand. If defendants do so and keep that obligation current thereafter, then plaintiff shall have no right to accelerate the note and mortgage on unit 405, and the conditional judgment as otherwise above described shall be entered and in force.
Reversed and remanded for proceedings not inconsistent herewith.
RYDER, A.C.J., and PARKER, J., concur.

. The final judgment, by adjudging plaintiff liable to defendants for $9,675.10, evidently in *489 demnified defendants only for the amount of certain payments on the note and mortgage on unit 608 indicated by testimony of a defendant to have been past due. Apparently the final judgment was to establish precedent for the indemnification of defendants by plaintiff for the remaining payments. Therefore, we treat the final judgment as having granted to defendants indemnity for their obligation on the note and mortgage.

. While a defense to this general effect was denominated in defendants’ pleadings as "unclean hands,” its allegations can be taken to assert the factual basis for failure of consideration. In any event and contrary to plaintiffs contention, we do not conclude there was error to the extent the defense of failure of consideration was considered to have been tried by implied consent. See Smith v. Mogelvang, 432 So.2d 119, 122-25 (Fla. 2d DCA 1983).

. Contrary to plaintiffs contention, we do not conclude that this litigation lost its equitable nature simply because at trial plaintiff did not pursue his foreclosure claim and proceeded only upon the promissory note. See generally Hodges v. Lamar, 119 Fla. 566, 161 So. 81, 85 (Fla.1935); David Properties, Inc. v. Selk, 151 So.2d 334, 340 (Fla. 1st DCA 1963).