PER CURIAM.
This is an appeal by the plaintiffs U.S. Drug Discount Corp., Rolando Del Rio and Maria Del Rio from an adverse final summary judgment in an action to enforce an easement. We reverse.
First, we conclude that on this record a triable action lies for an injunction to enforce an express easement in a 1925 deed as alleged in Count I of the complaint. Contrary to the trial court’s conclusion, it is clear that a scrivener’s error appears in the subject deed in that the word “plat” contained therein was meant to be “plot” — or, at least, a triable issue is presented as to this matter. To enforce the deed as literally written would create an easement that in no way affects the land conveyed by the deed, which is clearly such an unusual result as to create an ambiguity as to the intent of the parties, thus precluding summary judgment on this issue. See Kotick v. Durrant, 143 Fla. 386, 392-94, 196 So. 802, 804-05 (1940); Easton v. Appler, 548 So.2d 691, 694 (Fla. 3d DCA 1989); Haynes v. City of Lakeland, 451 So.2d 505, 510-11 (Fla. 2d DCA 1984).
Second, we also conclude that a triable action lies for an injunction to enforce a prescriptive easement as alleged in count II of the complaint. It appears from this record that even if there was no express easement in this case, the plaintiffs and their predecessors in interest may have used the claimed interest for more than twenty years, openly and notoriously, under a claim of right. Plainly, this record does not, as urged, foreclose this action. See Downing v. Bird, 100 So.2d 57, 64 (Fla.1958); Supal v. Miller, 455 So.2d 593, 594 (Fla. 5th DCA 1984); Gay Bros. Constr. Co. v. Florida Power & Light Co., 427 So.2d 318 (Fla. 5th DCA 1983); Hunt Land Holding Co. v. Schramm, 121 So.2d 697, 700 (Fla. 2d DCA 1960).
Reversed and remanded.