Bagget v. Savan., Florida & Western R. R. Company—Syllabus.

FRANK M. BAGGETT, PLAINTIFF IN ERROR VS. SAVANNAH, FLORIDA & WESTERN RAILWAY COMPANY, DEFENDANT IN ERROR.

1. Charges given or refused by the court below can be considered by this court only when incorporated in a bill of exceptions or when signed by the trial judge and filed by him as provided in Sections 1090 and 1091 of the Revised Statutes.

2. The action of the lower court in granting a motion for a new trial can not be reviewed by this court where several of the grounds of the motion are based upon the rulings of the court in giving or refusing charges not before this court for consideration.

3. It is not error to treat as a motion and not as a mere notice of motion an entry upon the motion docket that "on the 25th day of October, A. D. 1899, I shall move the court to set aside the verdict for a new trial on the following grounds," followed by a statement of the grounds in the usual form.

4. In granting defendant's motion that the verdict of the jury be set aside and for a new trial, the court should not enter final judgment for the defendant.

This case was decided by division B.

Writ of error to the Circuit Court of Marion county.

The facts in the case are stated in the opinion of the court.

*Anderson & Hocker,* Plaintiff in Error.

*R. A. Burford* (with whom was Carlós L. Sistrunk on the brief), for defendant in Error.

MAXWELL, J.

The plaintiff in error seeks in this proceeding to reverse an order made by the court below setting aside a verdict there obtained by him against the defendant in error.

The bill of exceptions recites the rendering of the verdict, sets forth the motion made to set it aside and grant a new trial, and states that the motion was granted and that the plaintiff excepted to this ruling of the court. The motion is as follows: "On the 25th day of October, A. D. 1899, I shall move the court to set aside the verdict for a new trial on the following grounds: 1. That the verdict was contrary to the charge of the court. 2. That the verdict was contrary to the evidence. 3. That the verdict was not supported by the evidence. 4. That the damages are excessive. 5. That the court erred in giving the instructions asked for by the plaintiff to which the defendant excepted. 6. That the court erred in refusing the instructions to find for the defendant. 7. That the verdict was contrary to the law of the case."

The first question presented to us is whether there was error in granting this motion. The first, fifth and sixth grounds of the motion are based upon charges given or refused by the court. These charges are not set forth in the bill of exceptions, nor are they made part of the record as provided in sections 1090 and 1091 of the Revised Statutes. Certain charges are copied into the transcript of the record as having been given or refused by the court below, but they do not appear to have been signed by the trial judge or filed by him as required by the statute, and they have no proper place in the record. Savannah, Florida and Western Railway Company v. Brink, 44 Fla. 713, 33 South. Rep. 245. The charges given or refused

by the court, therefore, are not before us for considera-
tion, and we can not review the action of the lower court
in determining whether they afforded ground for setting
aside the verdict of the jury.  Allen v. Lewis, 43 Fla. 301,
31 South. Rep. 286.

It is further contended that no proper motion for a
new trial was entered upon the docket, for the reason that
the alleged motion as entered was merely notice of a
motion.  It is true that its first statement is that on a
certain day the defendant would move the court as there-
inafter set forth.  The bill of exceptions states, however,
that it was made and submitted as a motion and ruled
upon as a motion, and it contained a statement of the re-
lief sought and the grounds therefor.  The fact that it
contained also a notice of the day upon which it would
be submitted does not so rob it of its character as a mo-
tion as to make the action of the court in so treating it
reversible error.

The only remaining assignment of error is that "the
court erred in ordering the defendant to go hence without
day."

The record recites that on October 25th, 1899, the fol-
lowing order was entered upon the motion:  "Motion sus-
tained and verdict set aside, and the defendant go hence
without day, ruling excepted to, and the plaintiff allowed
ninety days in which to prepare the present bill of ex-
ceptions.  October 25th, 1899.  J. B. Wall, Judge."  No
application for judgment *non obstante veredicto* was be-
fore the court, nor was the case one which would support
such application if made.  It was error for the court, in
ruling upon this motion, to enter final judgment for the
defendant, and its action in doing so must be reversed.

The judgment of the court below, in so far as it set

aside the verdict, is affirmed, and the cause remanded for a new trial, at the cost of the defendant in error.