THE LOUISVILLE AND NASHVILLE RAILROAD COMPANY, PLAINTIFF IN ERROR, v. AMANDA WADE, DEFENDANT IN ERROR.

1. When a motion for a new trial is granted by the Circuit Court the presumption is that it was properly granted.

2. Where a motion for a new trial in the Circuit Court is made upon several grounds, and the motion is granted generally, and it nowhere appears · in the transcript upon which of the grounds of the motion the order was based, the order granting the new trial will not be reversed unless it appears that the order was not justified by any of the grounds of the motion.

3. An order granting a new trial which does not state any particular ground on which it was granted will not be disturbed when some of the grounds of the motion as made in the Circuit Court are not properly presented for review.

This case was decided by Division A.

Writ of Error to the Circuit Court for Holmes County.

The facts in the case are stated in the opinion of the Court.

*Blount & Blount,* for Plaintiff in Error.

*D. L. McKinnon,* for Defendant in Error.

WHITFIELD, C. J.   A former writ of error in this case was disposed of in Louisville & N. R. Co. v. Wade, 46 Fla. 197, 35 South. Rep. 863.  The present writ of error was taken from an order granting a new trial to the plaintiff after a verdict had been rendered for the defendant by the direction of the court.

The motion for a new trial as made is as follows: "The plaintiff moves the court to set aside the verdict and grant a new trial on the following grounds, to-wit:  1st.  The court erred in refusing to permit the witnesses to answer the questions propounded by plaintiff as excepted to on the trial by plaintiff, and permitting the witnesses to answer questions over the objection of plaintiff, as excepted to by plaintiff.

2nd.  The court erred in permitting the evidence of Brown given on a former trial of the case, and contained in the bill of exceptions, to be read to the jury over the objection of the plaintiff.

3rd.  The court erred in refusing to permit the jury to pass upon the evidence and instructing the jury to render a verdict for the defendant and entering judgment for defendant."

The order made by the court is as follows: "Motion is granted to which ruling the defendant then and there excepts and defendant is granted sixty days within which to prepare and present a bill of exceptions." The defendant took a writ of error from this order as authorized by section 1267 of the Revised Statutes of 1892, and assigns as error, "That the judge erred in granting plaintiff's motion and setting aside the verdict of the jury and granting the plaintiff a new trial."

The ordianry bill of exceptions states that: "The evidence upon which the court passed in granting a new trial in so far as it affected defendant's liability for the accident which resulted in the death of plaintiff's intestate, was in substance as follows:" Then follows a condensed recitation of the evidence, but the ordinary bill of exceptions contains no reference to objections and exceptions taken at the trial to rulings of the court "in refusing to permit the witnesses to answer the questions propounded by plaintiff as excepted to on the trial by plaintiff, and permitting the witnesses to answer questions over the objections of plaintiff, as excepted to by plaintiff," upon which the first ground of the motion for new trial is based; nor does the ordinary bill of exceptions contain any reference to the objection and ruling of the court "in permitting the evidence of Brown given on a former trial of the case, and contained in the bill of exceptions, to be read to the jury over the objection of the plaintiff," upon which the second ground of the motion for new trial is based. The bill of exceptions does state that "The defendant's attorneys did then and there request the said judge to charge the jury to find for the defendant, and the said judge did then and there orally charge the jury to find in favor of the defendant."

Where a motion for a new trial is granted by the Circuit Court the presumption is that it was properly granted.

Where a motion for new trial in the Circuit Court is made upon several grounds and the motion is granted generally, and it nowhere appears in the transcript upon which of the grounds of the motion the order was based, the order granting the new trial will not be reversed unless it is made to appear that the order was not justified by any of the grounds of the motion.

As some of the grounds of the motion for a new trial are not properly presented for review, the order of the trial court in granting a new trial will not be disturbed. Allen v. Lewis, 43 Fla. 301, 31 South. Rep. 286; Baggett v. Savannah, F. & W. Ry. Co., 45 Fla. 184, 34 South. Rep. 564.

The order of the Circuit Court granting a new trial is affirmed, at the cost of the plaintiff in error.

Carter and Shackleford, JJ., concur.

Taylor, P. J., and Cockrell and Hocker, JJ., concur in the opinion.