MARY HELEN MCDANIEL, *et al.,* v. OWEN BURNS.

156 So. 607.

Division B.

Opinion Filed September 20, 1934.

Petition for Rehearing Denied October 13, 1934.

*Leitner & Leitner,* for Plaintiffs in Error;

*N. G. & John Fite Robertson* and *John B. Singeltary,* for Defendant in Error.

BUFORD, J.—The writ of error in this case is directed to an order granting a new trial in a suit in ejectment wherein the plaintiff had recovered a verdict.

The rule is that when a motion for new trial is granted by the Circuit Court the presumption is that it was properly granted. See L. & N. Ry. Co. v. Wade, 49 Fla. 179, 38 Sou. 49; Hainlin v. Budge, 56 Fla. 342, 47 Sou. 825; Houston v. Green, 91 Fla. 434, 108 Sou. 846; and cases there cited. In the latter case we said:

"There are so many matters occurring in the course and progress of a judicial trial that, in the opinion of Judges who tried the case, may affect the merits and justice of the cause to the substantial injury of one of the parties, that of necessity a large discretion should be accorded to the trial court in granting a new trial to the end that the administration of justice may be facilitated; and the appellate court will not reverse an order granting a new trial, unless it clearly appears that a judicial discretion has been abused

in its exercise, resulting in injustice, or that the law has been violated."

In this case the Circuit Judge specified in his order the grounds of the motion for new trial upon which the same was granted and specifically overruled the motion for new trial on all other grounds.

The grounds upon which new trial was granted were those numbered Five and Six, which were as follows:

"Because the jury found in and by their verdict that the plaintiffs were the owners of and entitled to the immediate possession of the land and premises described in plaintiffs' declaration while the evidence before them showed that the title thereto had been deeded and conveyed to and was then outstanding in a third party, to-wit, the town or city of Sarasota or its grantee.

"Because the jury found in and by their verdict that the plaintiffs were the owners of and entitled to the immediate possession of the land and premises described in plaintiff's declaration because and by reason of the fact that said land and premises were a part of and located in a certain street, to-wit, First Street, which said First Street and said land described in plaintiffs' declaration abutted on and adjoined certain lots and parcels of land, to-wit, Lots 2 and 4 of Block 1-B of the plat of the town of Sarasota, while the evidence showed that plaintiffs' title to said lots 2 and 4 of said Block 1-B did not extend into said Street for the reason that the title acquired to said lots was conveyed to the plaintiffs' predecessors in title at a time when the fee to the said First Street was vested in and held by the town of Sarasota."

The record shows that the allegations of these two grounds of the motion were well grounded and that, therefore, the well established rule of law in ejectment, that the plaintiff must recover, if at all, on the strength of his own title and

not on the weakness of his adversaries', precluded the recovery by the plaintiff in this case.

It, therefore, follows that the trial court not only exercised reasonable judicial discretion in granting the motion for new trial on the grounds stated but, by the application of proper legal principles, was bound to do so.

The order granting the new trial should be affirmed and it is so ordered.

Affirmed.

DAVIS, C. J., and WHITFIELD and TERRELL, J. J., concur.