J. HOLDEN BECKWITH v. HAROLD O. BAILEY

161 So. 576.

Division A.

Opinion Filed May 14, 1935.

318

*Frank Smathers* and *Bart A. Riley,* for Plaintiff in Error; *James R. Cooper,* for Defendant in Error.

Davis, J.—This was an action in damages by Bailey against Beckwith for alienation of affections of and for alleged criminal conversation by defendant with the wife of plaintiff. Upon a verdict for defendant, the trial court granted the plaintiff below a new trial, hence this writ of error.

The declaration contained six counts. Upon demurrer, the third, fourth, and sixth counts were stricken, whereas to the three remaining counts the defendant filed twenty-seven pleas. The plaintiff proceeded to trial upon the first, second and fifth counts of his declaration, after amendment was made to the first count.

The first count alleged in substance that before the commission of the grievances by defendant, plaintiff possessed and enjoyed the love, affection, comfort, fellowship, society, aid and assistance of his wife Florence; yet defendant knowingly did wrongfully contrive to deprive plaintiff of these things mentioned and to alienate and destroy the affection of Florence for plaintiff; that between June 2, 1931, and the commencement of this suit, he caused Florence to file a bill for divorce in Dade County; and by other devices did

alienate the affections of Florence and persuaded her to leave the home of and refuse to live or cohabit with plaintiff; whereby plaintiff, due to this loss, has been greatly damaged.

To this count defendant pleaded not guilty; then he denied that plaintiff possessed and enjoyed the love, affection, comfort, fellowship, society, aid and assistance of Florence, his alleged wife, at the time defendant was alleged to have committed the grievances; he denied all manner of malice in the premises, or that he intended to injure plaintiff, or that he caused Florence to file bill for divorce in Dade County or anywhere else, or that he caused Florence to separate from plaintiff or that he has damaged plaintiff; but says plaintiff by his own acts caused Florence to lose her love and affection for him.

Count two alleged in substance that defendant contrived and wickedly intended to injure plaintiff by depriving him of the society and assistance of Florence; that between June 2, 1931, and the commencement of this suit did willfully alienate and destroy the affections of Florence, plaintiff in nowise consenting thereto, depriving plaintiff of the society, affection, assistance and comfort of Florence in domestic affairs, to plaintiff's damage.

To this count defendant pleaded not guilty; then he denied contriving to injure plaintiff by depriving him of the society or assistance of Florence, or that he wickedly intended to injure plaintiff; he denied all manner of malice in the premises; he denied he has injured plaintiff in any respect, or that he caused Florence to separate from plaintiff; but says that plaintiff by his own actions destroyed whatever affection Florence may have had for him.

Count five stated that defendant debauched and carnally knew plaintiff's wife, to plaintiff's damage.

To this count defendant pleaded not guilty; then denied that he damaged plaintiff in any respect; that Florence is the one referred to as plaintiff's wife and that prior to commission of the acts charged she obtained a divorce *a vinculo matrimonii* from plaintiff; that the acts charged were done with the knowledge and consent of the plaintiff; that the alleged wife was not the wife of plaintiff.

A trial was had and considerable testimony was introduced. Among other things, a much contested divorce decree granted to Florence Bailey from Harold Bailey in an Idaho Court in 1932, dated June 26th, and recorded September 1st, of 1932, was allowed in evidence over the objection of plaintiff.

After the Idaho divorce decree had been admitted in evidence, the jury was instructed by the Court to find the facts regarding the validity of the Idaho divorce as follows:

"As to the fifth count which is an entirely separate and distinct cause of action from that charged in counts 1 and 2, and which you are to consider separately, before you can consider whether or not the defendant is guilty as charged therein, you must first find that the decree of divorce obtained by plaintiff's wife is void, or you must find that plaintiff and his wife subsequently remarried in the State of Idaho prior to the marriage of the defendant with the plaintiff's wife. If you find that the decree obtained by plaintiff's wife is a void decree then the marriage of the plaintiff's wife with the defendant is void and of no force and effect. If you find that the decree of divorce in question is not void but that plaintiff and his wife subsequently mutually assumed marital relations and obligations in the State of Idaho and lived and cohabited together as such, and generally held themselves out to the public as man and wife, and this was prior to the marriage of plaintiff's

wife with the defendant, then you are instructed that the defendant's marriage with plaintiff's wife is void and of no force and effect.

"In arriving at your findings as to whether the decree of divorce rendered in Idaho is void, you are instructed that the State of Idaho would be without power to render a decree of divorce over any person who is not actually and *bona fide* domiciled within the borders of that State.

"You are instructed that intent, insofar as it relates to establishing domicile, governs the matter of the acquisition of the domicile. You are instructed that the mere going into a State with the intention of returning when the divorce has been procured, is not in contemplation of law the establishment of a *bona fide* domicile.

"You are instructed that bodily presence in any state, no matter how long continued, cannot make a change of domicile. The old domicile is not lost nor is the new one gained by mere bodily presence.

"You are instructed that if you find the decree rendered in Idaho in this trial is founded on any presence within the State of Idaho less than *bona fide* residence or domicile, the decree is worthless and void because given without jurisdiction.

"You are instructed that if you find that the Idaho decree of divorce is valid, and that plaintiff and Florence Vaught did not subsequently assume marital obligations thereafter which was prior to the marriage of the defendant with plaintiff's wife, you must in that event find for the defendant as to count 5; but if you find either the decree of divorce void or that plaintiff and his wife, Florence Vaught, subsequently to the decree of divorce and prior to the marriage of defendant to plaintiff's wife, mutually assumed marital obligations, held themselves out to the public as

man and wife, lived and cohabited together, then in that event you are to find for the plaintiff and are to assess damages against the defendant on count 5 as in your findings you find the plaintiff is entitled to."

The jury under these instructions rendered a general verdict of not guilty, applicable to all three counts.

On December 5, 1933, plaintiff made a motion for a new trial on the following grounds which are quoted in substance:

1. The verdict of the jury is against the law as given in the charge of the court.

2. The verdict is against the evidence adduced at the trial and is not supported by the evidence.

3. The verdict does not reach a substantially just conclusion and in rendering said verdict the jury acted through mistake or prejudice.

4. The verdict is contrary to law.

5. The jury should have rendered two separate and distinct verdicts because counts 1 and 2 charged defendant with alienation of affections and count 5 charged criminal conversation involving the validity of a divorce decree received in evidence and also involving a subsequent remarriage of plaintiff prior to defendant's marriage to plaintiff's wife.

5. A special verdict should have been rendered as to count 5.

7. The trial was had before an illegal jury.

8. The jurors which plaintiff was compelled to accept were taken from three distinct and separate venires . . . No venire was drawn for jurors for the week commencing November 27, 1933, and plaintiff was compelled to accept jurors left over from the three venires as aforesaid. That neither plaintiff nor his attorney had any knowledge whatever that the jury list handed him by the Clerk of the Cir-

cuit Court was not legally impanelled for jury duty commencing November 27, 1933.

9. The court erred in admitting the decree of divorce granted in Idaho in evidence.

10. The fifth count went to the jury without a joinder having been filed to plaintiff's replication to defendant's pleas filed during the November, 1933, term.

11. The pleas and replications filed during the November term were improperly filed.

12. The court refused to instruct the jury as follows: "You are instructed that the defendant having moved for a directed verdict thereby admits not only the facts stated in evidence adduced, but also admits every conclusion favorable to plaintiff that you as a jury might fairly and reasonably deduce from the evidence.

This motion for new trial was granted by court order of March 8, 1934, and it is to this order granting plaintiff a new trial that plaintiff in error prosecutes this writ of error pursuant to Section 4615 C. G. L., 2905 R. G. S.

The questions involved in this appeal are therefore limited in nature. Upon a writ of error to an order granting a new trial, the only questions to be considered are those involved in such order. See: Jones v. Jacksonville Electric Co., 56 Fla. 452, 47 Sou. Rep. 1; Owens v. Wilson, 58 Fla. 335, 50 Sou. Rep. 674, 138 Am. St. Rep. 117, 19 Ann. Cas. 267; Dunnellon Phosphate Co. v. Crystal River Lumber Co., 63 Fla. 131, 58 Sou. Rep. 786; Beverly v. Hardaway, 66 Fla. 177, 63 Sou. Rep. 702; Ruff v. Georgia S. & F. R. Co., 67 Fla. 224, 64 Sou. Rep. 782; Gulf Refining Co. v. Howard, 82 Fla. 27, 89 Sou. Rep. 349; Carney v. Stringfellow, 73 Fla. 700, 74 Sou. Rep. 866; Cheyney v. Roberts, 77 Fla. 324, 81 Sou. Rep. 475; Sewell v. Sewell, 91 Fla. 982, 109 Sou. Rep. 98; Goodno v. South Florida Farms

Co., 95 Fla. 90, 116 Sou. Rep. 23; Wilhelm v. South Indian River Co., 98 Fla. 970, 124 Sou. Rep. 729; Walters Realty Co. v. Miami Tripure Water Co., 100 Fla. 221, 129 Sou. Rep. 763; Sahlberg v. Teague Furniture Co., 100 Fla. 972; 130 Sou. Rep. 432; Zigler v. Erler Corp., 102 Fla. 981, 136 Sou. Rep. 718; Phillips v. Garrett, 109 Fla. 435, 147 Sou. Rep. 857; Wolfe v. City of Miami, 114 Fla. 238, 154 Sou. Rep. 196; City of Gainesville v. Kirkland, 116 Fla. 319, 156 Sou. Rep. 601.

Where the trial court grants a new trial on a motion containing several grounds without stating any ground on which the ruling was based, the order will be affirmed when authorized by any ground of the motion. See: Beverly v. Hardaway, 66 Fla. 177, 63 Sou. Rep. 702; Ruff v. Georgia S. & F. R. Co., 67 Fla. 224, 64 Sou. Rep. 782; Aberson v. Atlantic Coast Line R. Co., 68 Fla. 196, 67 Sou. Rep. 44; Anthony Farms Co. v. Seaboard Air Line Ry. Co., 69 Fla. 188, 67 Sou. Rep. 913; Mizell Livestock Co. v. Pollard, 71 Fla. 192, 71 Sou. Rep. 31; Carney v. Stringfellow, 73 Fla. 700, 74 Sou. Rep. 866; Goodno v. South Florida Farms Co., 95 Fla. 90, 116 Sou. Rep. 23; Luria v. Bank of Coral Gables, 106 Fla. 175, 142 Sou. Rep. 901, 143 Sou. Rep. 598; Scott v. National City Bank of Tampa, 107 Fla. 818, 146 Sou. Rep. 573; Preacher & Co. v. Sarasota Bay Hotel Co., 112 Fla. 432, 150 Sou. Rep. 590.

The presumption on appeal is that the order granting a new trial was properly made. See: Louisville & N. R. Co. v. Wade, 49 Fla. 179, 36 Sou. Rep. 49; Dunnellon Phosphate Co. v. Crystal River Lumber Co., 63 Fla. 131, 58 Sou. Rep! 786; Cheyney v. Roberts, 77 Fla. 324, 81 Sou. Rep. 475; Lockhart v. Butt-Landstreet, 91 Fla. 497, 107 Sou. Rep. 641; Tampa Electric Co. v. Burns, 116 Fla. 566, 156 Sou. Rep. 607.

An order granting a new trial is presumably correct, unless the contrary appears from the record. See: Hainlin v. Budge, 56 Fla. 342, 47 Sou. Rep. 825; Acosta v. Gingles, 65 Fla. 507, 62 Sou. Rep. 582; Aberson v. Atlantic Coast Line R. Co., 68 Fla. 196, 67 Sou. Rep. 44.

The action of the trial court in granting a new trial will not be reversed, unless some settled principle of law has been violated or plain abuse of discretion is shown; the presumption being that the new trial was properly granted. Carney v. Stringfellow, 73 Fla. 700, 74 Sou. Rep. 866.

Where a new trial is granted, and there is such a conflict in the evidence that this Court cannot say the trial judge abused his discretion in granting such new trial, his ruling will not be disturbed. Carney v. Stringfellow, *supra.*

Where the verdict is against the evidence, a new trial should be granted although a directed verdict is denied. Florida Power Co. v. Cason, 79 Fla. 619, 84 Sou. Rep. 921.

In the case now before us the trial judge, in his judicial discretion, might have entertained the view under the third ground of the motion for a new trial, that the jury acted through mistake or prejudice in rendering its verdict, or that the verdict was so hastily arrived at, or arrived at without mature consideration, as to suggest that the verdict should be set aside because it does not reach a just conclusion in conformity with the view of the case entertained by the trial judge by reason of his acquaintance with all of the circumstances transpiring at the trial. So, applying the foregoing rule to the present controversy, this Court cannot say that error on the part of the trial judge has been so clearly made to appear that his action in ordering a new trial should be reversed as contrary to law especially in view of the fact that the trial judge, in granting the plaintiff a

new trial, did not specify upon which of the many grounds of the motion for a new trial he acted.

Having reached the foregoing conclusion, the present writ of error is necessarily disposed of by affirming the order from which this writ of error has been prosecuted. However, in view of the fact that the case must be tried again, we deem it worthy of some expression of opinion on our part as to the propriety of the Court's ruling admitting in evidence the disputed Idaho divorce decree.

Such record of the divorce proceedings in Idaho was tendered in evidence upon a stipulation of counsel for both parties that the record as offered was an authenticated record of the proceedings had in the Idaho courts. The plaintiff, however, objected to the introduction of the divorce proceedings in evidence upon the ground that the defendant had not shown that the Idaho court had jurisdiction over the subject matter, or of the person of the plaintiff, and urged as an additional ground of objection that the evidence already adduced in the case up to that time affirmatively showed that the decree in question had been obtained by fraud practiced upon the Idaho Court, for all of which reasons it was contended that the divorce proceedings and decree was void and ought not to be allowed in evidence as having any relevancy to the issues to be tried.

A divorce decree rendered in a state where the plaintiff in the case is domiciled, but the defendant is not, where the defendant is not personally served with process and does not appear, is not entitled to extra-territorial recognition under the full faith and credit clause of the Constitution of the United States. Section 1, Article IV, U. S. Constitution. But where both parties are domiciled in the same state, or where one party is domiciled there and the other party has been personally served with process or has ap-

peared in answer to the suit, the resultant decree, whether of divorce or denial of divorce, is entitled to recognition in all other states under the full faith and credit clause of the Constitution. Haddock v. Haddock, 201 U. S. 562, 26 Sup. Ct. Rep. 525, 50 L. Ed. 867; Atherton v. Atherton, 181 U. S. 155, 21 Sup. Ct. Rep. 544, 45 L. Ed. 794; Cheever v. Wilson, 9 Wall. (U. S.) 108; 19 L. Ed. 604. This rule nevertheless is subject to the qualification stated in Andrews v. Andrews, 188 U. S. 14, 23 Sup. Ct. Rep. 237, 47 L. Ed. 366, that a defect in jurisdiction by reason of foreign domicile of both parties to a divorce proceeding cannot be cured by the residence of the plaintiff at the forum accompanied by the voluntary appearance of the defendant.

In the present case the record of the proceedings show that pursuant to the law of Idaho, substituted service was had on Bailey by mailing a summons in the cause to Miami and having the sheriff serve it on him there. For failure to appear and answer in the time allowed by Idaho law, default was taken and entered against Bailey in the Idaho Court on June 21, 1932. The record shows that Bailey was present in court on June 22, 1932, the following day, upon which date the testimony of his wife Florence, the complainant in the cause, was taken and that although present that Bailey made no objection to the proceedings or to the entry of a decree of divorce in his wife's favor.

No court in the ordinary administration of justice can exercise jurisdiction over a person unless he shall voluntarily appear, or is found within the jurisdiction of the court and is there served with the process. But a party may waive his right to have a suit begun against him by process and he does so by making a voluntary appearance without process having been served. See 7 R. C. L. 1041; 21 R. C. L. 1262, 1263.

In the present case no personal service was had upon Bailey sufficient to invoke the application of the full faith and credit clause of the Federal Constitution* and the laws of Congress enacted thereunder, because no state can issue process to be made effective beyond its own borders, although such process be sent beyond the borders of the state of forum and there served.

Nor was the presence of Bailey in the Idaho court-room after default had been taken and entered against him and not until the taking of his wife's testimony had begun, sufficient to give the Idaho court jurisdiction over him on the theory that his appearance in court amounted to a personal appearance sufficient to confer personal jurisdiction under the full faith and credit clause, though it might have been if such appearance had been in court prior to the taking of default or if Bailey had done some act of participation in the divorce proceeding other than being present there as a spectator. Under Florida law where the record of a foreign divorce court shows no personal service of process upon the defendant in the cause and no voluntary appearance by said defendant, the resultant decree of divorce is not binding on the Florida courts, except insofar as the Florida courts may decide to recognize it under the rule of comity. The decree rendered under the last stated circumstances is not entitled to recognition in Florida insofar as the full faith and credit provision of the Federal Constitution is concerned. Herron v. Passailaigue, 92 Fla. 818, 110 Sou. Rep. 539; Minick v. Minick, 111 Fla. 469, 149 Sou. Rep. 483.

The decree of the Idaho court may, however, be regarded as valid and recognized in the courts of Florida, and should be so recognized by the law of comity between states, unless

*See Section 1. Article IV. U. S. Constitution; Section 687. Title 28.

there is some good and valid reason to the contrary. See Herron v. Passailaigue, *supra*. Comity, in the sense as here used, is neither a matter of absolute obligation, nor of mere courtesy and good will. It is, as has been defined by the United States Supreme Court, the recognition which one nation or state allows within its territory to the legislative, executive or judicial acts of another nation or state, having due regard both to international duty and convenience, and to the rights of its own citizens or other persons who are under the protection of its laws. Hilton v. Cuyot, 159 U. S. 113, 16 Sup. Ct. Rep. 139, 40 L. Ed. 95.

The Idaho decree of divorce was granted on the ground of cruelty. Extreme cruelty by defendant to complainant is recognized by the laws of Florida as a just cause for divorce. See Section 4983 C. G. L., 3191 R. G. S. In this case, the record shows that the wife was the moving party in obtaining an Idaho divorce from her husband on the ground of cruelty, and that she obtained such divorce in Idaho predicated upon her alleged Idaho domicile. So the proposition presented to the Florida courts for decision is whether or not complainant lawfully obtained the controverted divorce from her husband under Idaho laws, although such divorce was based solely upon constructive or substituted service absolutely binding only in that state, except to the extent that the Idaho decree may be generally given effect and recognized in Florida under the rule of comity, absent any showing that it would be subversive of any Florida policy or interest.

In the present case it has not been made to appear by the proofs as a matter of law that the public policy, or any salutary interest, of the State of Florida requires the preservation of the pre-existing marital status of Harold C. Bailey with his wife, or that any principle of morality and

justice was necessarily violated through the removal of the wife after her separation from her husband, back to her father's home in the State of Idaho, where she simply took up again a domicile that she had once possessed there before her marriage. This is so even though her purpose in leaving Florida and in resuming her former domicile was ultimately to qualify her for obtaining a divorce decree predicated solely upon constructive or substituted service under the laws of Idaho, her home state.

Such being the circumstances, the Idaho divorce decree in controversy in this case may be properly recognized as valid under the rule of comity. Especially is this so, in view of the fact that rights of third parties appear to have since intervened to require the recognition, if possible, of said divorce decree as valid under the laws of this State where, on account of the subsequent marriage that has been contracted by the wife on the faith thereof, the status of such erstwhile wife and her present husband, and the rights of others who may have dealt with them as married persons, are likely to be prejudiced if the Idaho decree were captiously disregarded by the courts of Florida. Whether or not the Idaho decree is to be upheld or ignored, depends upon a determination of the factual considerations submitted to the jury in this case to be decided as issues in this controversy. Thus we do not determine one way or the other the issue which was submitted by the trial court to the jury concerning the legal effect to be accorded to the Idaho divorce decree in Florida under the controverted and issuable circumstances appearing in the evidence. We simply hold on this point that if the version of the divorce proceeding and incidents connected therewith, as related by the wife, Florence Bailey (Beckwith), are to be taken as true, the Idaho divorce decree should not be denied recognition

by the courts of Florida under the rule of comity, nor should it as a matter of law to be decided by the trial judge, be ruled out of all consideration in a subsequent trial of the issues between the parties now before this Court.

As to whether or not the court should have charged the jury to bring in a special verdict on each count of plaintiff's declaration, the rule on this subject, as laid down in the case of Florida East Coast R. Co., v. Lassiter, 58 Fla. 234, 50 Sou. Rep. 428, 19 Ann. Cas. 192, is reiterated and adhered to as the controlling law of this State on that subject.

However, a requirement by the trial court that a jury be directed to state in its verdict upon which of more than one distinct and separate count of a declaration at law it finds for a successful plaintiff where related but severable single causes of action are joined and sued on in separate counts of one declaration, is not to be considered as an unlawful requirement of the jury to find a special verdict, within the purview of the general rule on that subject as laid down in the case last cited. Nevertheless, the matter of requiring the jury to make separate findings on such count is one that is so far within the sound judicial discretion of the trial judge that a refusal of the trial court to so direct a jury will not be reversed by an appellate tribunal.

The other matters complained of in the motion for a new trial are not likely to occur upon a second trial of this controversy. Therefore no opinion is expressed as to whether or not the complaint made with regard to them as set up in the plaintiff's motion was or was not well taken.

Order granting plaintiff a new trial is affirmed and the cause remanded to the Circuit Court for further proceedings not inconsistent with this opinion.

WHITFIELD, C. J., and BROWN, J., concur.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.

