In the Matter of DANIEL J. BRADSHAW, as Committee of FILIPPINA BRADSHAW, an Incompetent, Appellant. THE STATE OF NEW YORK, Respondent.

Third Department, April 28, 1958.

*Erwin Greenberg, Emanuel Greenberg* and *Samuel Greenberg* for appellant.

*Louis J. Lefkowitz, Attorney-General* (*Edwin R. Oberwager* of counsel), for respondent.

GIBSON, J. The applicant, as committee of the person and property of an incompetent person confined as a patient in a State hospital, applied for an order requiring the director of the hospital to make accessible to him and to his attorneys the hospital record of his ward, and further directing that a photostatic copy of such record be made available to him at his own expense. The purpose of the application was to ascertain the facts of an alleged accident on the hospital premises whereby the patient sustained personal injuries, so that the committee might determine whether a cause of action exists against the State or others. Also necessary to this inquiry are the records of the patient's physical and mental condition and of the care, supervision and treatment given her. The application to examine the record was made pursuant to subdivision 9 of section 34 of the Mental Hygiene Law. The committee's purpose is proper, — " to ascertain from hospital records the facts, if any, by which actionable fault of State agents may be proved." (*Matter of Warrington*, 303 N. Y. 129, 140.)

The restrictions imposed by the order of the Court of Claims were clearly unwarranted and rendered the authorization granted largely ineffectual and meaningless. The right to examine necessarily implies the right to make notes or copies in aid of memory and for purposes of subsequent study, consultation and analysis. Such a right is specifically provided in section 324 of the Civil Practice Act relating to orders of discovery in actions. The omission of the Legislature to enact similar provisions to implement the right of examination conferred by the Mental Hygiene Law does not seem to us significant as respects construction.

The State does not now seek to justify the terms of the order. The Attorney-General states that some two weeks after appellant had submitted to him the printer's proof of the papers on this appeal, he advised appellant's attorneys that appellant would, upon request, be furnished with a photostatic copy of the hospital record and would be permitted to make notes or copies as his examination of the record proceeded. On the basis of this statement the State has moved to dismiss the appeal as

moot. The specific prohibitions contained in the order appealed from remain in effect, nevertheless. However, and in any event, we are not bound to treat the question involved as moot and we decline to do so since it has not, apparently, been previously passed upon directly by any appellate court and is a matter of interest and importance to the profession and bears directly upon the expeditious conduct of litigation. (See *Matter of Lyon Co.* v. *Morris,* 261 N. Y. 497, 499.)

The motion to dismiss the appeal should be denied, with $10 costs. The order appealed from should be modified by striking out the second and third ordering paragraphs and be further modified so as to provide that applicant be furnished, upon his request and at his expense, a photostatic copy of the hospital record in said order referred to, and, as so modified, should be affirmed, with costs to appellant.

FOSTER, P. J., BERGAN, COON and REYNOLDS, JJ., concur.

Motion to dismiss appeal denied, with $10 costs.

Order appealed from modified by striking out the second and third ordering paragraphs and further modified so as to provide that applicant be furnished, upon his request and at his expense, a photostatic copy of the hospital record in said order referred to, and, as so modified, affirmed, with $10 costs to appellant.