### In re O'NEILL (No. 2).
No. 1719-A.

Circuit Court, Dade County.

December 30, 1960.

Frank S. Hogan, District Attorney, New York City, for the State of New York.

L. J. Cushman, Miami, for respondent.

GEORGE E. HOLT, Circuit Judge.

The facts of this cause are fully stated in previous reported decisions (In re O'Neill, 9 Fla. Supp. 153; Application of People of State of New York (Fla.), 100 So. 2d 149; People of the State of New York v. O'Neill, 359 U.S. 1, 79 S. Ct. 564, 3 L. Ed. 2d 585) and need not be repeated here. Suffice to say that the Supreme Court of the United States held that the so-called "Uniform Law for Interstate Extradition of Witnesses", chapter 942, Florida Statutes 1955, did not abridge the privileges and immunities of citizens of the United States, and therefore, reversed the decision of the Supreme Court of Florida (Application of People of State of New York, 100 So. 2d 149) which had affirmed the earlier decision (In re O'Neill, 9 Fla. Supp. 153) of this court. Upon the mandate of the Supreme Court of the United States, the Supreme Court of Florida entered its order (See: Application of People of the State of New York v. O'Neill (Fla.), 112 So. 2d 837) as follows — "Upon reconsideration, therefore, the cause is remanded to the Circuit Court of the Eleventh Judicial Circuit for further proceedings consistent with the law of the State of Florida and the mandate and opinion of the Supreme Court of the United States, * * *"

Pursuant to that order, this cause is now before this court for further proceedings, "consistent with the law of the State of Florida and the mandate and opinion of the Supreme Court of the United States". Respondent, Joseph C. O'Neill, has filed a "Renewal of Motion to Quash" the rule issued to said respondent challenging the validity of section 942.02, Florida Statutes 1955, upon the grounds — (1) that same attempts to confer upon the courts of this state power to issue process running beyond the territorial limits of this state, and by reason of having incorporated all of the grounds of his motion to quash originally filed, and (2) that said section violates section 9, and section 12 of the Declaration of Rights of the constitution of Florida in failing to provide for bail.

The petitioner, the People of the State of New York, has filed a motion to dismiss the proceedings "on the grounds that the grand jury which has sought the appearance of the defendant [respondent] is no longer in existence; and the questions before the court are moot", and has also filed a motion to tax costs incurred by petitioner in certiorari proceedings to the Supreme Court of the United States.

At the threshold of the case, petitioner's motion to dismiss because the questions arising out of this cause are moot deserves consideration. A consideration of the nisi pruis decision in this cause (In re O'Neill, 9 Fla. Supp. 153) and the decision of the Supreme Court of Florida (Application of People of State of New York, 100 So. 2d 149) leads to the conclusion that the two questions urged by respondent in his renewal of his motion to quash deserve further consideration pursuant to the order of the Supreme Court of Florida, and that the questions raised involving as they do the validity of a statute, are matters "affected with a public interest", and "are of moment to the profession", and therefore, are proper for the court's further consideration even if the cause were moot. Cf. Commonwealth of Massachusetts v. Klaus, 130 N.Y.S. 713; Tau Alpha Holding Corp. v. Gainesville, 126 Fla. 885, 171 So. 819; Pace v. King (Fla.), 38 So. 2d 823; Bowden v. Carter (Fla.), 65 So. 2d 871; and Application of Bradshaw, 173 N.Y.S. 2d 406. Petitioner's motion to dismiss because the cause is moot is therefore denied.

Turning now to a consideration of respondent's "Renewal of Motion to Quash", in the light of the mandate of the Supreme Court (People of the State of New York v. O'Neill (Fla.), 112 So. 2d 837) the first contention is that section 942.02, Florida Statutes, violates the constitution of Florida insofar as same attempts to confer upon any court of this state power or authority to issue any witness subpoena, summons, writ or order having

any effect or validity beyond the territorial limits of the state of Florida. Section 3 of article IV of the constitution of the United States provides for the admission of states into the union of states comprising the United States of America, and it is elementary that each of the fifty states comprising that union is a sovereign state, supreme within its own territorial boundaries. See 54 Am. Jur. "United States" 521-524, §3; 30 Fla. Jur. "State of Florida" 26-32, §2-6, and 8 Fla. Jur. "Courts" 355. A corollary of the proposition that each state is the supreme sovereign within its territorial limits, is the proposition that no state can issue process having any validity, force or effect beyond its own territorial limits. Thus, in Beckwith v. Bailey, 119 Fla. 316, 161 So. 576, the court (text 581) said — "* * * no state can issue process to be made effective beyond its own borders, although such process be sent beyond the borders of the state of the forum and there served."

Authorities sustaining this proposition could be multipled almost without number, but a few are these — 4 Am. Jur. "Arrest" 14; 72 C.J.S. "Process" 997; Pennoyer v. Neff, 95 U.S. 714, 24 L. Ed. 565, text 568-569; Passett v. Chase, 91 Fla. 522, 107 So. 689; Kirkes v. Askew, 32 Fed. Supp. 802; McLean v. Mississippi (CA-5), 96 F. 2d 741, 119 A.L.R. 670, cert. den. 305 U.S. 623, 59 S. Ct. 84, 83 L. Ed. 399; Mandeville v. Guernsey, 51 Barb. (N.Y.) 99, aff'd. 50 N.Y. 699; and Collier v. Vaccaro (CA-4), 51 F. 2d 17. In American Fire Ins. Co. v. King Lumber Co., 74 Fla. 130, 77 So. 168, aff'd. 250 U.S. 2, 39 S. Ct. 431, 63 L. Ed. 810, the court held — "Neither the Legislature nor the courts of Florida can extend the operation of the laws of the state beyond its borders."

The boundaries of the state of Florida are fixed by article I, constitution of Florida. There can be no doubt that both the *summons* provided for in section 942.02(2), Florida Statutes, and the *order* provided for in sub-section (3) of section 942.02, are both "process". See: 72 C.J.S. "Process" 981-983; 1038-1039. No court is at liberty to ignore, or set aside these limitations upon the jurisdiction, power and authority of the courts of this state, and the provisions of section 942.02, Florida Statutes, providing for the issuance of a summons or witness subpoena returnable in another state, or entry of an order to authorize the forcible removal of a citizen to a distant state, beyond the borders and territorial limits of this state are, under the constitution of Florida, void and of no effect.

When the above-styled cause was first before this court (In re O'Neill, 9 Fla. Supp. 153) it was pointed out that sub-section 3

of section 942.02, Florida Statutes, makes no provision for bail, and undertakes to authorize the arrest of a citizen and his detention without bail while being forcibly transported to another state and it was there suggested (In re O'Neill, 9 Fla. Supp. 153, text 161) that perhaps this feature of the statute was "the most serious objection" to its constitutionality. Mr. Justice Frankfurter, speaking for the Court in New York v. O'Neill, 359 U.S. 1, 3 L. Ed. 2d 585, text 590, had this to say —

> The more relevant challenge to the statute invalidated by the Supreme Court of Florida is that it denies due process of law in violation of the Fourteenth Amendment. Because of the generous protections to be accorded a person brought or summoned before the court of the forwarding State, procedural due process in the hearing itself must be accorded and this is firmly established. The Circuit Court of Dade County ruled that the absence of any provision for bail in the procedure of apprehension and delivery violated due process of law. Since the Supreme Court of Florida expressly refrained from ruling whether the failure of the state to provide for bail for persons attached and delivered violated either the Florida Constitution or the Fourteenth Amendment, and since silence on bail is not tantamount to proscription of bail, the claim that this silence of the statute is a violation of the Fourteenth Amendment is a hypothetical question which need not now be considered. * * *

While the Supreme Court of Florida did not expressly refer to this deficiency in the Act (Application of People of State of New York v. O'Neill (Fla), 100 So. 2d 149) this feature of the Act is clearly open for further consideration. The right to bail is guaranteed by section 9 of the Declaration of Rights of the constitution of Florida. Upon the reasoning, and the authorities set forth in this court's earlier opinion and judgment (In re O'Neill, 9 Fla. Supp. 153, text 161-162) the court is of the opinion, and accordingly, holds sub-section (3) of section 942.02, Florida Statutes, to be in contravention of section 9 of the Declaration of Rights of the constitution of Florida. In view of the express, and specific language of that sub-section, the court is of the opinion, and holds, that in the absence of an express provision in said sub-section authorizing bail, the court would have no authority to do so without in effect, re-writing said sub-section, which the court is powerless to do. It is worthy of note that in In re Allen, 49 Pa. D. & C. 631, the Pennsylvania court held the Pennsylvania Act unconstitutional upon this particular ground, among others, and that thereafter the legislature of that state amended the act to permit bail. Therefore, the court is of the opinion, and holds that sub-section (3) of section 942.02, Florida Statutes, is unconstitutional, void and of no effect. The conclusion reached requires that the renewed motion to quash the rule issued in the above-styled cause be granted, and that the above-styled cause and proceeding be dismissed, and that respondent, Joseph C. O'Neill, and the surety upon his appearance bond be discharged of all liability thereon.

It is therefore considered, ordered and adjudged that said motion to quash, filed by and on behalf of said Joseph C. O'Neill, as renewed be and same is hereby granted, and said rule to show cause be and same is hereby quashed, and the above-entitled cause and proceedings be and same is hereby dismissed, and respondent, Joseph C. O'Neill, is hereby discharged from said rule, and the surety upon his appearance bond is hereby discharged from all further liability thereon.