194 So.2d 640 (1967)
A.C. KITTEL, Jr., Appellant,
v.
Anne B. KITTEL, Appellee.
No. 65-627.
District Court of Appeal of Florida. Third District.
January 17, 1967.
Rehearing Denied February 22, 1967.
*641 John W. Prunty and Michael C. Slotnick, Miami, for appellant.
William W. Charles, George J. Baya, Miami, for appellee.
Before HENDRY, C.J., SWANN, J., and GOODING, MARION W., Associate Judge.
GOODING, MARION W., Associate Judge.
This is an appeal from a final order declaring void a divorce decree obtained in Mexico.
On April 9, 1962, the plaintiff, Anne B. Kittel, appellee herein, brought an action for separate maintenance not connected with divorce. A final decree was entered requiring payments to the plaintiff by the defendant and the plaintiff was permitted to live in the home of the parties.
On November 29, 1963, defendant, accompanied by his present alleged wife, formerly Patricia Ann Green and an attorney from Miami, went to Juarez, Mexico, to secure a divorce. They registered at the Hotel Sylvia, a transient hotel in Juarez.
Although defendant says he went to Mexico to establish residence and perhaps invest in property there, he did not do so.
On November 30, 1963, the day after defendant went to Mexico, he instituted a divorce action there against his wife. The divorce complaint which is in evidence with English translation states on its first page:
"Alexander Charles Kittel, Jr., American citizen, then goes on to read:
"* * * claiming as grounds the incompatibility of temperaments * * *"
which is a ground for divorce in Mexico.
The plaintiff was personally served with due notice of the institution of the suit. The plaintiff then filed the present action asking for an injunction to stop the defendant from prosecuting his divorce action in Mexico. An injunction was entered but later dissolved because of lack of notice to the defendant.
Mrs. Kittel did not appear in the Mexican Court and the divorce action there proceeded ex parte.
December 11, 1963, Mr. Kittel and his party departed Mexico and returned to the United States. He has not since returned to Mexico.
On December 20, 1963, two witnesses appeared before the judge of the Mexican Court to testify as to the marriage of the Kittels on June 11, 1932, but no testimony was given by Mr. Kittel at that time, his affidavit being on record. The Mexican Court entered a decree of divorce on December 20, 1963, which became final on December 27, 1963, under the laws of Mexico.
On this same date, to-wit: December 27, 1963, Mr. Kittel married Patricia Ann Green at Woodbine, Camden County, Georgia.
Subsequently, by amendment, this case was changed to one of declaratory decree and, upon denial of a motion to dismiss, an interlocutory appeal was taken. The District Court of Appeal affirmed the lower court holding that plaintiff had sufficient allegations in her complaint to sustain a direct attack on an alleged void decree. Kittel v. Kittel, 164 So.2d 833 (Fla.App. 1964).
Consequently, when this cause was remanded to the lower court, the sole question to be determined was: "Is the divorce decree obtained in Mexico void?" The chancellor entered a final order declaring the Mexican decree of divorce to be void and of no effect.
It is the contention of the defendant, Kittel, that as long as the Mexican divorce was valid where rendered, it should be recognized by the Florida courts as a matter *642 of comity and should not be denied recognition merely because the residing requirements and the grounds for divorce in Mexico are different than they are in Florida.
The plaintiff, Mrs. Kittel, contends that a foreign decree of divorce will not be recognized under the principles of comity if the foreign court rendering it had no jurisdiction.
Defendant cites as authority for his contention the cases of Beckwith v. Bailey, 119 Fla. 316, 161 So. 576 (1935), relating to an Idaho divorce decree, Herron v. Passailaigue, 92 Fla. 818, 110 So. 539 (1926) relating to a Louisiana divorce decree, and Pawley v. Pawley, 46 So.2d 464, 28 A.L.R.2d 1358 (Fla. 1950) relating to a Cuban divorce decree.
The holding in the Pawley case, supra, is easily distinguishable from the case at bar. Mr. Pawley had been a resident of Cuba for several years after his marriage. Mr. Kittel was in Mexico, living in a transient hotel, only for a few days. Mr. Pawley secured his divorce, after proper notice, on grounds of desertion, which is a legal ground for divorce in Florida. Mr. Kittel secured his divorce on ground of incompatibility of temperament which is not a ground for divorce in Florida. The Kittels had always lived in Florida and any acts constituting grounds for divorce would necessarily have had to be in Florida. The Pawleys, as mentioned, had lived in Cuba for several years after their marriage.
In the Pawley case the Supreme Court of Florida said:
"Be that as it may, the instant case does not present a picture of a long or lifetime resident of Florida suddenly flying to Cuba for a sojourn and securing a hasty divorce with little or no opportunity for the wife to be heard." (46 So.2d at 470)
Beckwith v. Bailey, supra, citing the Herron case, supra, further adds:
"Comity, in the sense as here used, is neither a matter of absolute obligation, nor of mere courtesy and good will. * * The Idaho decree of divorce was granted on the ground of cruelty. Extreme cruelty by defendant to complainant is recognized by the laws of Florida as a just cause for divorce." (161 So. at 581)
The distinction here again between this case and the case at bar is that the ground used for divorce in the Mexican Court is not a ground for divorce in Florida.
A foreign decree will not be recognized under the principles of comity or under the full faith and credit clause of the federal constitution, if the foreign court rendering it had no jurisdiction, 19 Fla. Jur., Judgment & Decrees, Sec. 340.
In Herron v. Passailaigue, supra, the Supreme Court said:
"The court may, however, by comity, be required to give it (decree) force and effect unless there is some good and valid reason to the contrary." (Emphasis supplied) (110 So. at 542)
It is well settled that the rule of comity is one of discretion, and is not a matter of obligation.
"The rule of judicial comity has reference to the principle in accordance with which the courts of one state or jurisdiction will give effect to the laws and judicial decisions of another state, not as a matter of obligation, but out of deference and respect." Hartford Accident and Indemnity Co. v. City of Thomasville, 100 Fla. 748, 130 So. 7; see also Kellogg Citizens Nat. Bank v. Felton, 145 Fla. 68, 199 So. 50; Neal v. State ex rel. Neal, Fla.App., 135 So.2d 891.
To hold the alleged divorce decree is valid as was obtained in Mexico by Mr. Kittel would permit any party desiring to shed himself of a wife to simply go to a state or country several thousands of miles *643 away, remain there a few days, and secure a divorce on grounds not even recognized in this State. Should this be permitted, it would violate all principles of morality and justice. Certainly it is not an abuse of discretion, under the facts in this case, to refuse to recognize the validity of the Mexican decree.
We hold that the decree of the lower court declaring the divorce, obtained by Mr. Kittel in Mexico, void and of no effect should be, and is, hereby, affirmed.
Affirmed.