QUESTIONS: 1. Are the sheriffs of the State of Florida under any duty, obligation, or requirement to serve civil process issued by a state other than Florida? 2. Would a sheriff be in violation of s. 30.19, F. S., or s. 839.19, F. S., if he refused to serve out-of-state civil process? 3. If the sheriff did execute and serve out-of-state civil process, would he come under the protection of ss. 843.01 and 843.02, F. S.? 4. Does the bond, as required of the sheriff under s. 30.01, F. S., conditioned upon the faithful discharge of the duties of his office, cover the service of out-of-state civil process?
SUMMARY: The duties and authority of a sheriff as to execution or service of civil process are wholly statutory. A Florida sheriff has no legal or statutory duty to serve civil process issued by a court of a state other than Florida. Service of such foreign civil process, since not a statutory duty of the sheriff, would not be covered under the sheriff's bond required by s. 30.01, F. S. The requirements, prohibitions, protections, and penalties of ss. 30.19, 839.19, 843.01, and 843.02, F. S., apply to and operate only on execution or service by a Florida sheriff of civil process lawfully issued by a court of the State of Florida. Under certain conditions a Florida sheriff may be authorized by another state's statutes to serve that state's civil process in Florida upon persons subject to the jurisdiction of the courts of the other state. Service so authorized would be only for purposes prescribed by laws of the foreign state, and a sheriff serving civil process under authority of a foreign state's statutes would do so as an agent of that other state, not as an agent of the State of Florida. It has been generally stated that, "[w]ith respect to the execution of process, the power possessed by the sheriff or constable is wholly statutory, and no power exists in him except such as is expressly so conferred or may be fairly implied from the provisions thereof." (Emphasis supplied.) 80 C.J.S. Sheriffs and Constables s. 44, p. 214. Service of process is also considered a ministerial duty of a sheriff. Thus he is required to serve all process "which appears on its face to have issued from competent authority, and with legal regularity, and the service or execution of which is within the lawful powers of his office." (Emphasis supplied.) Id. These general rules are applicable to a Florida sheriff, particularly as to the proposition that the sheriff's powers and duties in regard to service of process are "wholly statutory." Such an analysis is fully in keeping with a sheriff's overall dependency — as an administrative officer — on legislative enactment. See AGO 075-161. A determination as to whether a Florida sheriff has any duty to serve out-of-state civil process requires an examination of applicable laws of Florida (no other state may impose a duty upon a sheriff of this state). The primary provision in this regard is s. 30.15, F. S., providing in pertinent part: Sheriffs, in their respective counties, in person or by deputy, shall: (1) Execute all process of the supreme court, circuit courts, county courts, and boards of county commissioners of this state, to be executed in their counties; (2) Execute such other writs, processes, warrants, and other papers directed to them, as may come to their hands to be executed in their counties; * * * * * (10) Perform such other duties as may be imposed upon them by law. (Emphasis supplied.) Section 30.30(1), F. S., provides that "[w]henever any writ, issuing out of any court of this state, shall be delivered to a sheriff, commanding him to levy upon property specifically described therein, it shall be his duty to levy upon such property." (Emphasis supplied.) And subsection (6) of s. 30.30 provides that "[n]o sheriff shall be liable for making any levy pursuant to the specific order of a court of competent jurisdiction." (Emphasis supplied.) The sections about which you expressed concern are ss. 30.19, 839.19,843.01, and 843.02, F. S. Section 30.19 provides: Every sheriff or deputy failing to execute any writ or other process, civil or criminal, to him legally issued and directed within his county and make due return thereof . . . shall forfeit $100 for each neglect . . . unless such sheriff or deputy can show sufficient cause for such failure or neglect to the court. (Emphasis supplied.) Section839.19 provides: Any sheriff or other officer authorized to execute process, who willfully or corruptly refuses or neglects to execute and return, according to law, any process delivered to him, shall be guilty of a misdemeanor of the first degree . . . . (Emphasis supplied.) As to obstruction of a sheriff who is serving process, s. 843.01 provides: Whoever knowingly and willfully resists, obstructs, or opposes any sheriff, deputy sheriff . . . or other person legally authorized to execute process, in the execution of legal process or in the lawful execution of any legal duty, by offering or doing violence to the person . . . shall be guilty of a felony of the third degree . . . . (Emphasis supplied.) And s. 843.02 provides: Whoever shall obstruct or oppose any such officer . . . or legally authorized person, in the execution of legal process or in the lawful execution of any legal duty, without offering or doing violence to the person of the officer, shall be guilty of a misdemeanor of the first degree . . . . (Emphasis supplied.) Absent any clear and unequivocal evidence to the contrary, I must assume that when the Florida Legislature, as in the above-cited statutes, refers to courts or to process and the issuance and execution thereof, it is referring to Florida courts and process issued therefrom. It is axiomatic that the Legislature of Florida possesses no power over the judicial system of other states or the process thereof. It is fundamental that one state cannot make its law effective in another state, American Fire Ins. Co. v. King Lumber Mfg. Co., 77 So. 168, 172 (Fla. 1917), aff'd 250 U.S. 2 (1919), and that a state cannot make its process effective in another state. Beckwith v. Bailey,161 So. 576, 581 (Fla. 1935). Thus, the various references in the Florida Statutes to legal process, process legally issued, etc., must have been intended to refer to process lawfully and properly issued by the courts of Florida. I am of the opinion, therefore, that a Florida sheriff has no legal or statutory duty to serve civil process issued by the courts of a state other than Florida and that the requirements, prohibitions, protections, and penalties contained in ss. 30.19, 839.19, 843.01, and 843.02, supra, do not apply to or operate on civil process issued by a state other than Florida and executed by a Florida sheriff. And, since the sheriff's bond required by s. 30.01, F. S., is "conditioned upon the faithful discharge of the duties of his office" (Emphasis supplied.), I am of the opinion that such bond would not cover service by the sheriff of civil process issued by a state other than Florida. Notwithstanding the above determination that a Florida sheriff has no statutory duty to serve out-of-state civil process, it would appear that a Florida sheriff could be authorized, but not required, under certain conditions by the statutes of a state other than Florida to serve that state's civil process in Florida upon persons subject to the jurisdiction of the courts of such other state. See 72 C.J.S. Process s. 73; and cf. ss. 48.161(1), 48.193(2), and 48.194, F. S., providing that in certain circumstances certain civil process issued by Florida courts may be personally served upon persons subject to the jurisdiction of the Florida courts in another state by an officer authorized to serve like process in that other state. However, it must be emphasized that such authorization by the statutes of another state would impose no legal duty upon a Florida sheriff and that service in Florida by a sheriff pursuant to foreign statutory authority would be only for the purposes authorized and prescribed by laws of the foreign state and could only make the process effective in the issuing state. Should a Florida sheriff serve such out-of-state civil process, he would do so as an agent of that other state — not as an agent of the State of Florida.