SCHEB, Acting Chief Judge.
The wife contends the trial court erred in refusing to domesticate a final judgment she obtained in Canada and in ratifying a separation and property settlement agreement the parties entered into in Florida. We remand for further proceedings.
The parties are Canadian citizens, who were married on November 30, 1963, in Ottawa, Canada and spent most of their married life in Canada. During the marriage, the wife performed traditional duties as homemaker and mother. In the latter years of the marriage, the husband operated a business known as GENREP, LTD.
In August 1983, the parties moved to Florida and purchased a home with proceeds from the sale of their Canadian home. After marital problems developed, the parties signed a separation and property settlement agreement on April 5, 1985, in Lee County. The agreement awarded the husband several items of personal property and the marital home, which the parties valued at approximately $95,000. In exchange, the husband agreed to pay the wife $1,000 for moving expenses, $15,000 lump sum alimony, an additional $20,000 in twenty-four monthly payments, and to provide the wife with employment at GEN-REP, LTD. The wife was to earn a weekly salary of $200 Canadian dollars and other benefits from GENREP, LTD. “as long as the Husband remains in control of the business, as long as the business remains in existence, or until the Wife remarries.” The record suggests that the GENREP benefits were, in effect, a substitute for periodic alimony. The agreement also awarded the wife several items of personal property.
Shortly after signing the agreement, the wife returned to Canada. On June 19, 1985, she filed suit in Ontario seeking to set aside the agreement on the ground that the husband coerced her into signing the document. She also asked the Canadian court to equalize the parties’ assets. Approximately a month later, the record indicates that the parties met and orally agreed to modify the agreement by increasing the amount of money the wife was to receive from GENREP, LTD.
Several months later, the husband’s Canadian counsel filed a statement of defense in response to the wife’s suit. The husband claimed that the agreement was valid and that the wife willingly accepted benefits under its terms since her move to Canada. While the Canadian suit was pending, the husband sold GENREP, LTD. in July 1986, thereby terminating the wife’s rights to receive her weekly salary and other benefits under the agreement.
*216 On February 19, 1987, the wife filed a petition for dissolution of marriage in Lee County. Again, she alleged that the agreement was invalid on the ground of coercion. In addition to seeking permanent and lump sum alimony, she asked the court to declare her interest in the former marital home and award her a special equity in the proceeds the husband obtained from the sale of GENREP, LTD.
On March 23, 1987, the Canadian court entered a final judgment in favor of the wife, awarding her $13,856 Canadian as a lump sum support award and $185,000 Canadian to equalize net family property. The husband did not appeal the Canadian judgment. On April 30,1987, the wife filed a second action in Florida to domesticate the Canadian judgment. The trial court consolidated the dissolution and the domestication actions.
On April 1,1988, the trial court entered a final judgment dissolving the marriage, upholding the validity of the agreement, and awarding the wife attorney’s fees. However, the trial judge refused to domesticate the wife’s Canadian judgment since, “Wife did not meet the requirements of being a continuous resident of Ontario, Canada for six months before commencing her divorce action in Canada.” The trial court relied on Willson v. Willson, 55 So.2d 905 (Fla.1951); Pawley v. Pawley, 46 So.2d 464 (Fla.1950); and Kittel v. Kittel, 194 So.2d 640 (Fla. 3d DCA), rev’d, on other grounds, 210 So.2d 1 (Fla.1967) as authority for holding the doctrine of comity inapplicable to the facts of this case. The trial court also found that the husband was not guilty of undue influence, duress or overreaching, and that the wife had accepted pecuniary benefits under the agreement and thereafter pursued recourse through the Canadian courts in disregard of the Florida agreement.
Next, the wife filed a motion for rehearing asking the trial judge to reconsider his decision and to indicate: 1) whether he intended his decision to incorporate the original agreement or the agreement as later modified by the parties; 2) whether the wife is entitled to, and the amount of, any delinquent payments pursuant to the agreement; and 3) whether the husband is completely exonerated from any further obligations under the agreement by virtue of his sale of GENREP, LTD. The trial judge denied the wife’s motion without explanation, and the wife filed this appeal.
“It is well settled that the rule of comity is one of discretion and is not a matter of obligation.” Kittel at 642. Florida courts have given effect to judicial decisions of another state or country out of deference and respect to the foreign tribunal, rather than as a matter of law. Id. “The rules of comity may not be departed from except to protect the citizens of our state or some paramount public policy.” Bell Island Investment Co., Ltd. v. Feingold, 453 So.2d 1143, 1145 (Fla. 3d DCA 1984).
Having examined the Canadian pleadings, we believe the trial judge erred in perceiving that this was an action for divorce, which would have required that the wife continuously reside in Canada six months prior to initiating her suit. As noted, the wife simply requested the Canadian court set aside the agreement and equalize the parties’ assets. Indeed, if the Canadian proceeding had in fact dissolved the marriage, the wife would not have later filed an action for dissolution in Lee County, Florida. A single action to domesticate her Canadian judgment would have been sufficient. Consequently, we think the trial judge abused his discretion in refusing to domesticate the Canadian proceeding on this ground.
Accordingly, we direct the trial judge to reconsider the issue of domestication of the Canadian judgment. The domestication issue precedes and therefore eliminates the need for us to address the agreement’s validity. It is also premature to evaluate the wife’s claim that the trial judge erred in failing to find that the husband abandoned the agreement when he sold GEN-REP, LTD. or her contention that the husband should be required to provide her the same benefits she would have received had he not sold GENREP, LTD. We note in passing, however, that the net effect of the judgment appealed is that a wife, who was *217 married for 22 years, receives a paucity of assets in comparison to those assets received by her husband.
Accordingly, we affirm the dissolution of marriage and the award of attorney’s fees to the wife. We vacate those parts of the judgment denying enforcement of the Canadian judgment and ratifying the agreement. If the trial judge should decide not to extend comity to the wife’s Canadian judgment for reasons not inconsistent with this opinion, the court should address the issues raised in the wife’s motion for rehearing. Thereafter, any aggrieved party may file a new notice of appeal, and further appellate review can be accomplished in a meaningful way.
Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
THREADGILL and PATTERSON, JJ., concur.