708 So.2d 1039 (1998)
M-5 COMMUNICATIONS, INC., Appellant,
v.
ITA TELECOMMUNICATIONS, INC.; Luca Lastrucci and Tito Silviera, Appellees.
No. 97-1541.
District Court of Appeal of Florida, Third District.
April 29, 1998.
Merrill & Pollack and Alan H. Ramer, Coral Gables, for appellant.
Siegfried, Rivera, Lerner, De La Torre & Sobel and Peter H. Edwards, Coral Gables, for appellees.
Before SCHWARTZ, C.J., and LEVY and FLETCHER, JJ.
SCHWARTZ, Chief Judge.
Although the plaintiff served and filed a notice of voluntary dismissal as to the only counts of the complaint which named two of the defendants, the present appellees, Luca Lastrucci and Tito Silviera, those defendants continued actively to defend the action as if the notice had not been filed. Specifically, they moved to dismiss the very counts in question, sought affirmative relief against the plaintiff, and proceeded in all respects as if they were actively involved in the lawsuit. Notwithstanding, in the order now under review, the trial court dismissed the action as to these defendants, apparently on the ground that, because of the earlier voluntary dismissal, it no longer had jurisdiction over their persons.
We reverse on the ground that the appellee-defendants' actions below constituted a voluntary submission to the jurisdiction of the court which obviated the need or purpose of subsequent process against them. Beckwith v. Bailey, 119 Fla. 316, 161 So. 576 (1935); Meyer v. Roesel, 482 So.2d 444 (Fla. 2d DCA), review denied, 492 So.2d 1334 (Fla. 1986); Fundaro v. Canadiana Corp., 409 So.2d 1099 (Fla. 4th DCA 1982).
Moreover, because the statute of limitations ran as to these defendants during the period in which they actively appeared and before they called the alleged jurisdictional objection to the attention of the court and the plaintiff, reversal is also mandated by an application of the anti-gotcha rule in its original and purest form. Salcedo v. Asociacion Cubana, Inc., 368 So.2d 1337 (Fla. 3d DCA), cert. denied, 378 So.2d 342 (Fla.1979).
Reversed.